## In re Richard L. MILES, Sr., Debtor.

### Bankruptcy No. 81-21422.

United States Bankruptcy Court,
W.D. New York.

April 26, 1984.

Sheri Moore Humphrey, Tax Div., U.S. Dept. of Justice, Washington, D.C., for IRS.

Douglas Lustig, Rochester, N.Y., for debtor.

## MEMORANDUM AND DECISION

EDWARD D. HAYES, Bankruptcy Judge.

This motion is made by the Tax Division of the U.S. Department of Justice and seeks to alter or amend a judgment (order) of this Court dated April 26, 1983, disallowing the amended proof of claim of the IRS in its entirety for the years 1975 and 1976 except to the extent of $80.80. The motion was made pursuant to Rule 59(e) of the Federal Rules of Civil Procedure and Bankruptcy Rules 307 and 923, currently Rules 3008 and 9023.

The April 26, 1983 order of this Court disallowed the claim noting that there had been no appearance by the IRS. The debtor, Richard L. Miles, Sr., d/b/a Miles Equipment Company, filed a petition for repayment of debts under Chapter 13 on September 4, 1981. His schedules did not list his tax liability to the United States. The IRS filed a proof of claim on February 12, 1982 showing a total indebtedness of $11,552 as of the date of the filing of the petition for the years 1975–1977. An amended proof of claim for the same period in the sum of $13,196.65 was filed January 21, 1983. In between these two filings of claim on October 13, 1982, the debtor filed a notice of motion to disallow the IRS claim, returnable October 27, 1982. It was adjourned then to January 19, 1983 at which time IRS failed to appear and the Court rendered its decision resulting in the April 26, 1983 order, docketed April 27, 1983. The hearing on confirmation was held March 30, 1983 and the order of confirmation signed July 12, 1983.

Sheri Moore Humphrey, attorney for the Tax Division, states in her affidavit that on October 26, 1982, she spoke to the debtor's attorney, Douglas Lustig, about the objection to the IRS claim and was informed by him that the debtor would file amended returns for the years 1975, 1976 and 1977. She states that it was for that reason that the hearing for October 27, 1982 was adjourned. On November 2, 1982, she received a letter from Lustig, stating that the hearing had been adjourned to November 30, 1982 and that amended returns would be filed the week of October 28, 1982. These returns were filed November 29, 1982. The November 30, 1982 hearing was then adjourned until January 19, 1983. The Tax Division's attorney was informed on December 6, 1982 by the trustee and debtor's attorney that the Court would not grant further adjournments. Humphrey asked debtor's attorney to send her copies of the amended returns which were sent to her on December 9, 1982 in a letter advising her that the Court wants this matter resolved and that it was set for January 19,

1983. This hearing was further adjourned until February 18, 1983 because the IRS needed further verification of items in order to settle the matter without trial. On January 21, 1983, Mr. Lustig wrote to Humphrey stating that if the service was not ready to resolve the issue by February 18th, the matter would go on the March trial calendar for final resolution. On February 17, 1983, Humphrey states she informed Lustig that the IRS would accept the debtor's amended returns, but could not amend its proof of claim until a computer printout reflected the new figures. She contends that Mr. Lustig informed her that he would, therefore, withdraw the objection to claim at the February 18th hearing. Mr. Lustig, however, denies this and states that the debtor had intended to proceed with the motion on that date, citing the letter of January 21, 1983. On February 18, 1983, only the trustee appeared, and the motion was further adjourned until March 30, 1983 which was also the hearing date for the confirmation of the plan.

■ The confirmation of the debtor's plan was delayed until the resolution of this issue because a Chapter 13 plan must provide for full payment in deferred cash payments of all claims entitled to priority under 11 U.S.C. § 507 (11 U.S.C. § 1322). The prepetition tax claims here are entitled to sixth priority under 11 U.S.C. § 507(a)(6)(A). Before the debtor's plan could be confirmed, the matter of the United States tax claim had to be resolved, and, thus, the delay in the motion objecting to the claim, delayed the confirmation and carrying out of the entire plan.

Humphrey states that she had no communication concerning this case after February 17, 1983. She claims she was uninformed about the March 30th adjournment and was informed of the disallowance of the claim on May 4, 1983 when she received a copy of the order. The IRS then furnished a computer printout which adopted the debtor's amended returns, showing $724 for 1975, $2,188.80 for 1976, and $80.80 for 1977. On May 11, 1983, an amended proof of claim in the total amount of $7,693.03 for the years 1975 through 1977 was filed. The reason for the discrepancy between the computer printout of $2,993.60 and the claim is the addition of penalties and interest.

The questions to be considered are first whether the Court has the power to reconsider a disallowed claim in a Chapter 13 proceeding under 11 U.S.C. § 502(j), Bankruptcy Rules 3008 and 9023 (formerly 307 and 923), Interim Rule 3001(e) and Federal Rules of Civil Procedure 59(e) and secondly, if there is reconsideration, whether the equities in this case warrant the alteration of the previous order.

■ Handling these questions seriatim, it is the "ancient and elementary power" of a Bankruptcy Court to reconsider any of its orders notwithstanding that an appeal also lies from some of its orders. *In re Pottasch Bros. Co.*, 79 F.2d 613, 616–17 (2d Cir.1935). 11 U.S.C. § 502(j) of the new Bankruptcy Code provides that "before a case is closed, a claim that has been allowed may be reconsidered for cause, and reallowed or disallowed according to the equities of the case". This section was derived from § 57(k) of the former Bankruptcy Act. Bankruptcy Rule 307 provided that a party may move for reconsideration of an order allowing or disallowing a claim. Bankruptcy Rule 307 was based on 11 U.S.C. § 2a(2) of the former Act which gave the Bankruptcy Court the power to reconsider any of its orders. 11 U.S.C. § 502(j) reenacted the provision of § 57(k) of the old law, but the provisions of § 2a(2) were not reenacted. Under new 28 U.S.C. § 2075, the Supreme Court adopted rules could not abridge, enlarge, or modify any substantive right. Thus, it was argued that Bankruptcy Rule 307 could not permit a Bankruptcy Court to reconsider a disallowed claim because the substantive rule under former § 2(a)(2) had been deleted. Interim Rule 3001(e) which readopted 307 in the context of a Chapter 11 proceeding indicated that the rule was still considered viable. See *Brielle Associates v. Graziano*, 685 F.2d 109 (3d Cir.1982).

The new Bankruptcy Rules became effective to all pending cases August 1, 1983 unless application of such rules would be inequitable. The motion here was first made May 9, 1983 and amended May 25, 1983 but was adjourned and heard September 6, 1983. The new rules adopt former Bankruptcy Rule 307. New Rule 3008 states, "A party in interest may move for reconsideration of an order allowing or disallowing a claim against the estate". The comments to this section make it clear that the Supreme Court in adopting these rules has adopted the reasoning behind former Bankruptcy Rule 307. "The rule recognizes as did former Bankruptcy Rule 307 the power of the Court to reconsider an order of disallowance on an appropriate motion".

This Court considered a similar situation in *In re Sapienza*, 27 B.R. 526 (Bkrtcy.W. D.N.Y.1983) affirmed on alternate grounds, WDNY Sept. 29, 1983. In that case, this Court held that 11 U.S.C. § 502(j) of the new Bankruptcy Code would supercede former Bankruptcy Rule 307. However, *Sapienza* was decided before the effective date of the new rules in which the Supreme Court implicitly approved the theory behind Bankruptcy Rule 307. This was also acquiesed in by Congress. Therefore, Rule 3008 does not abridge, enlarge or modify any substantive right under 11 U.S.C. § 2075, and the Bankruptcy Court has the power to reconsider its former order disallowing a claim.

The IRS has moved for reconsideration under former Bankruptcy Rule 307 and 923 (currently 3008 and 9023) and Rule 59(e) of the Federal Rules of Civil Procedure. Rule 9023 (new trials and amendments of judgments) states that Rule 59 of the Federal Rules applies except as provided in Rule 3008 (Reconsideration of Claims). Federal Rule 59(e) states that a motion to alter or amend a judgment shall not be made later than 10 days after its entry. The 10 day limitation which applies to appeals and would stay the time in which to appeal does not apply to reconsideration of claims. The comments to Rule 9023 state that under Federal Rule 59, the motion must be made within 10 days but that no similar time limit is contained in Rule 3008. The comments to Rule 3008 state that whereas 11 U.S.C. § 502(j) permits reconsideration of allowed claims only before a case is closed, no such limitation exists under Rule 3008. Authorities disagree as to whether reconsideration may be had after a case is reopened. The IRS motion was first made here on May 9, 1983 and amended May 25, 1983. There is no extension of time for the United States to move for reconsideration as in the time in which to appeal under Federal Rules of Appellate Procedure (4). Therefore, the motion for reconsideration may come under Rule 3008 which permits it until the closing of the case.

The Bankruptcy Rules contemplated the power of the Bankruptcy Court to reconsider its orders, notwithstanding any power of appeal, beyond the 10 day limit. Rule 9024 (Relief From Judgment or Order) adopts Federal Rule 60 in permitting relief from judgment on showing of (1) mistake, excusable neglect, (2) newly discovered evidence, (3) fraud, etc. Rule 60 permits such relief only within a year. Rule 9024 states that a motion to reconsider an order allowing or disallowing a claim made without contest is not subject to the one year limitation. Another Bankruptcy Rule which contemplates reconsideration by the Bankruptcy Court notwithstanding any right of appeal is B.R. 7055 which adopts Federal Rule 55. Federal Rule 55(c) states that for good cause, the Court may set aside the entry of default or default judgment. Federal Rule 55(e) states that no default judgment may be entered against the United States or its agencies unless claimant establishes his claim by evidence satisfactory to the Court. Therefore, the U.S. here could have moved to open their default in appearance.

All of the above Rules, 9023 (Amendment of Judgment), 3008 (Reconsideration of Claims), 9024 (Relief from Order Allowing or Disallowing a Claim after one year), and 7055 (Setting aside a Default) contemplate and empower the Bankruptcy Court to re-

consider an allowed or disallowed claim despite any availability of appeal. Therefore, the Court has the power to reconsider the IRS claim on the basis of its amended proof of claim. There is no 10 day limitation on reconsideration.

In *U.S. v. Sapienza*, W.D.N.Y. Sept. 29, 1983, which affirmed this Court's decision on alternate grounds, the District Court reviewed the criteria to be applied in deciding whether an amendment to an IRS claim could be permitted in a Chapter 13. *Sapienza* cited *In re Miss Glamour Coat*, 80-2 U.S.T.C. Par. 9737 (S.D.N.Y.1980) which set forth five criteria in deciding whether an amendment should be permitted. The criteria are whether the related claim related back in substance to a timely filed claim and (1) whether the bankrupt and creditors relied upon IRS's earlier proof of claim or whether they had reason to know that subsequent proof would follow pending completion of the audit; (2) whether the other creditors would receive a windfall to which they are not entitled on the merits by the Court not allowing this amendment to IRS's proof of claim; (3) whether IRS intentionally delayed in filing the proof of claim; (4) the justification if any for the failure of IRS to file for a time extension for the submission of further proofs of claim pending the audit; (5) whether or not there are any other considerations which should be taken into account.

Both parties are at fault here. The debtor filed his amended return after not listing the IRS in his original schedules on November 29, 1982 only one day before the adjourned hearing on his own objection to the IRS's timely filed original claim which was greater than the IRS's current amended claim.

The filing of the returns on this date was over one year after he filed his bankruptcy petition in September, 1981 and years after the tax returns had been due in April 1976–78. The amount filed in the returns was accepted by the IRS except to the extent of penalties and interest. Therefore, under criteria 1, the estate knew of the IRS claim

and did not rely on the absence of tax liability in formulating its plan. The debtor had admitted in his returns to owing the basic amount claimed.

On the other hand, the IRS took from November 29, 1982 until May 11, 1983 to file the amended claim it had promised. This further delayed the confirmation which did not occur until July, 1983.

The next criteria is whether the creditors would receive a windfall. The confirmation of the plan was delayed for almost two years after the filing due to the negligence of both parties. The creditors should not have to suffer such a delay. On the other hand, the trustee and the estate knew of the impending liability and would receive a windfall if the original amount claimed by the debtor in his returns were disallowed.

The third criteria is whether the IRS intentionally delayed or was negligent. The delay of the IRS here occurred between the submission of the returns on November 29, 1982 and the filing of an amended claim in May, 1983. This delayed confirmation for seven months of the two year delay in confirmation. This delay is reprehensible but is equally due to the debtor's own negligence.

The fourth criteria on the justification for the delay and failure to file for an extension is weak. IRS should have kept itself informed of the March, 1983 hearing at which this Court disallowed its claim. No reason is given why a computer printout could not be secured earlier.

Finally, it is noted that while this amendment was filed late, it not only relates back to the earlier timely filed claim for the tax years of 1975–77 but amounts only to $7,693.03 while the timely filed claims amounted to $11,552 on February 12, 1982 and the amendment of $13,196.65 on January 21, 1983.

■ The United States was advised of all of the Court dates except for the March 30, 1983 disallowance, and knew of the Court's concern to confirm the plan as early as possible. It appeared at none of the hearing dates and made no attempt to deter-

mine what happened on February 18, 1983. It had a duty to inquire and keep the Court advised. Because of this, the Court holds that the claim be allowed to the extent of taxes admittedly owed by the debtor in his returns but the IRS is denied the right to interest and penalties which its own negligence and actions helped to increase. Therefore, the tax claim against the debtor is allowed to the extent claimed in the returns which are set forth in the affidavit of Humphrey as $724 for 1975, $2,188.80 for 1976 and $80.80 for 1977. The total tax due is $2,993.60 or an increase of $2,912.80 from the $80.80 formerly allowed. The remaining $4,699.43 in penalties and interest of the total $7,693.03 claimed is disallowed on the grounds that it would disrupt payment under the plan.

But the debtor also has been at fault. If his Chapter 13 plan is to continue, it must be modified to pay IRS this new amount and to insure the same payment to the unsecured creditors as under the current plan. The unsecured creditors should not pay the penalty for IRS and the debtor's laches and it is so ordered.