**In re COLUMBIA MOTOR EXPRESS, INC., Debtor.**

**Bankruptcy No. 381–02149.**

United States Bankruptcy Court, M.D. Tennessee.

April 30, 1985.

Margaret L. Behm, Shipley & Behm, Nashville, Tenn., for C. Kinian Cosner, Jr., trustee.

Bradley A. MacLean, Farris, Warfield & Kanaday, Nashville, Tenn., for Williamson County Bank.

## MEMORANDUM

KEITH M. LUNDIN, Bankruptcy Judge.

The trustee seeks reconsideration of a 1982 *"ex parte"* order of this court granting § 364(c) "super-priority" status to a post-petition lender. Due to the lack of adequate contemporaneous notice and opportunity to object to the terms of the lending, we hold that a hearing should now be held at which substantive objections to the lending terms will be considered.

Columbia Motor Express, Inc. ("Columbia") filed a Chapter 11 petition on July 7, 1981. The debtor operated as a debtor-in-possession until June 7, 1984 when a trustee was appointed. On January 6, 1982, the debtor filed an *ex parte* application with the court to obtain a $15,000 loan from Williamson County Bank ("WCB"). This was the debtor's second such application. The debtor represented to the court in the application that it was in urgent need of emergency funds to meet its payroll and to continue operation of its business. On January 7, 1982, this court entered an "Order Approving Ex Parte Application and Extension of Credit." This order recites: "no notice being required due to the emergency for funding which exists."[1] The order provided that WCB would be accorded an "administrative expense priority" pursuant to 11 U.S.C. § 364(c).[2] By its

---

1. The power of this court to reconsider its prior order is not dependent on the quality of the emergency at the time of entry. As demonstrated below, no matter how compelling the need for the post-petition borrowing, if § 364(c) is invoked, appropriate notice and opportunity to object must be fashioned.

2. 11 U.S.C. § 364(c) provides:

(c) If the trustee is unable to obtain unsecured credit allowable under section 503(b)(1) of this title as an administrative expense, the court, after notice and a hearing, may authorize the obtaining of credit or the incurring of debt—

terms, the order was to "become final upon its entry and all funds advanced pursuant hereto shall be conclusively deemed to have been properly advanced ..." The order required counsel for the debtor-in-possession to serve the order upon the members of the creditors committee.

On March 5, 1985 a hearing was held on a motion filed by WCB for allowance and payment of an administrative priority. At this hearing, the trustee, C. Kinian Cosner, Jr., indicated that there may not be sufficient funds in the estate to pay all administrative expenses in full, but WCB's claim would be paid in full if allowed with a priority over other administrative expenses pursuant to § 364(c). The trustee objects to this super-priority status claiming that some notice to creditors is required before credit may be obtained pursuant to § 364(c). WCB takes the position that the court's prior order should remain in force, especially in light of the fact that it acted in good faith reliance on the order.

■ We note that there was no trustee in this case at the time of the January 7, 1982 order. Obviously, he could not have received notice of the lending. However, now the trustee is representing all general creditors including those who would have received notice in 1982 had notice been given. The trustee has standing to mount this challenge. 11 U.S.C. § 323.

■ We agree with the well-reasoned authority holding that some notice and opportunity to object is required before priority ahead of other administrative expenses can be authorized under § 364(c). *In re Sullivan Ford Sales, Inc.*, 2 B.R. 350, 5 BANKR.CT.DEC. (CRR) 1288, 1 COLLIER BANKR.CAS.2d (MB) 397 (Bankr.Me.1980); *In re Garland Corp.*, 6 B.R. 456, 3 COLLIER BANKR.CAS.2d (MB) 24 (Bankr. 1st Cir.1980); *In re Adamson Co.*, 29 B.R. 937 (Bankr.E.D.Va.1983).

(1) with priority over any or all administrative expenses of the kind specified in section 503(b) or 507(b) of this title;
(2) secured by a lien on property of the estate that is not otherwise subject to a lien; or

■ Notice and hearing as used in § 364(c) is defined by the Bankruptcy Code as follows:

(1) "after notice and a hearing," or a similar phrase—

(A) means after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances; but

(B) authorizes an act without an actual hearing if such notice is given properly and if—

(i) such a hearing is not requested timely by a party in interest; or

(ii) there is insufficient time for a hearing to be commenced before such act must be done, and the court authorizes such act.

11 U.S.C. § 102(1). Although this section does permit action without an evidentiary hearing in some circumstances, it does not dispense with the requirement of giving notice appropriate to the particular circumstances of the matter at hand. *See In re Sullivan Ford Sales, Inc.*, 2 B.R. at 355. If an *ex parte* hearing is required due to a financial emergency, a full hearing after the fact should be made available. *See* 124 CONG.REC.H. 11090 (daily ed. Sept. 28, 1978) (remarks of Rep. Edwards). In true emergency situations it may not be possible to give prior written notice but some effort must be made to provide creditors with a reasonable opportunity to be heard. *See In re Monach Circuit Industries*, 41 B.R. 859, 861, 11 COLLIER BANKR.CAS.2d (MB) 312 (Bankr.E.D.Pa.1984) (an extraordinarily high showing is needed to establish that there was inadequate time to even attempt telephone notice).

■ A review of the record shows that Columbia's creditors and other interested parties did not receive sufficient notice of the proposed lending nor did they have a

(3) secured by a junior lien on property of the estate that is subject to a lien.
Although not specifically cited in the previous order or by the parties, we assume that the priority granted in subsection (1) is at issue here.

meaningful opportunity to object. The application states on its face that it is *"ex parte"* and the record contains no certificate of service or other indication that the application was noticed to anyone. Even if we assume that notice was not possible before the January 7, 1982 order was entered, a hearing after the fact was available.[3] By its terms, the order approving credit became "final upon its entry" and did not afford any time period for interested parties to object. Merely sending a copy of the order to the creditors committee[4] did not provide meaningful opportunity to challenge the terms of the lending. *See In re I.R.S. Liabilities and Refunds in Chapter 13 Proceedings*, 30 B.R. 811, 10 COLLIER BANKR.CAS.2d (MB) 609 (D.C. M.D.Tenn.1983). The order's recital that "no notice is required" does not preclude those parties who were entitled by statute to receive notice from having an opportunity to be heard at least after entry of the order. Columbia and its lender were under an obligation to either provide adequate notice of the proposed lending before the order was entered or an opportunity for creditors to be heard after the fact. They did neither.

■ The trustee has asked us to vacate the order of January 7, 1982 and to rule that WCB is not entitled to priority ahead of administrative expenses. Such a ruling on the merits is not appropriate until all parties have an opportunity to argue the propriety of WCB's § 364(c) priority status. The lack of adequate notice does not by itself dictate that the previous order should be overturned or vacated. We simply hold that the trustee is entitled to be heard on his substantive objections.[5]

WCB cites *Matter of Chung King, Inc.*, 753 F.2d 547 (7th Cir.1985) and *In re James A. Phillips, Inc.*, 29 B.R. 391 (S.D.N.Y. 1983) as cases demonstrating the limited discretion of bankruptcy courts to reconsider previous orders. In *Chung King*, the court stated the relevant standard for reconsideration of orders confirming sales as: "Once the sale ... [is] confirmed, the existence of fraud, mistake, or a like infirmity would be necessary to set a confirmed sale aside" (quoting *In re Webcor*, 392 F.2d 893, 899 (7th Cir.1968)). Assuming that the standards for reconsideration of orders confirming sales are comparable to those for § 364(c) orders, nothing in the *Chung King* opinion suggests that orders may not be reconsidered due to notice deficiencies. Notice of the sale in *Chung King* was expressly found adequate. In addition, the court observed that defective notice has been by far the most frequent infirmity held to warrant vacating a confirmed sale. *Chung King* at 551 and cases cited therein.

In *Phillips* the district court affirmed a bankruptcy court order authorizing the debtor-in-possession to pay certain construction suppliers even though the district court found an improper lack of notice. The court distinguished these payments made in the ordinary course of business from the super-priority loan transaction in *Sullivan Ford* which was out of the ordinary course of business. It noted that

---

3. In *Sullivan Ford* the court noted that even if an *ex parte* hearing similar to that provided in FED.R.CIV.P. § 65(b) may be available in extraordinary circumstances, adverse parties should have the right to be heard as soon as possible.

4. We assume the debtor-in-possession complied with the portion of the order requiring service upon the committee. We do not know whether a creditors committee existed or was functioning at the time of the borrowing order.

5. The facts of the present proceeding are virtually identical to those of *In re Monach Circuit Industries, Inc.*, 41 B.R. 859, 11 COLLIER BANKR.CAS.2d (MB) 312 (Bankr.E.D.Pa.1984).

In *Monach Circuit*, Judge Goldhaber vacated his previous order which had authorized, without notice or hearing, the incurring of post-petition debt in exchange for the granting of a § 364(c)(2) priority. The court held that some notice appropriate to the circumstances is always required. It scheduled a hearing to determine the creditor's entitlement to a priority position.

It is not at all clear to this court at this time what *substantive* challenge the trustee asserts to the 1982 order. Moreover, it is not yet clear what remedy might be imposed if we find that the 1982 order was improvidently entered. *See* 11 U.S.C. § 364(e). These questions will be addressed at the hearing on the merits.

"under § 364(c)(1) ... the special priority ... unquestionably could not have been authorized without appropriate notice." *Phillips* at 398.

Neither case infers that a bankruptcy court may not reconsider a borrowing order if an appropriate party demonstrates it did not have notice or opportunity to test its propriety. *See* FED.R.CIV.P. § 60(b)(6) (on motion and upon such terms as are just, the court may relieve a party from a final order for any reason justifying relief from the operation of the judgment). *See also In re Miles*, 39 B.R. 494, 496 (Bankr.W.D. N.Y.1984) (bankruptcy court has "ancient and elementary power" to reconsider any of its orders).

An order will be entered consistent with this memorandum.