### In re TELEPHONE COMMUNICATIONS OF AMERICA, INC., a/k/a TelCom, Bankrupt.

### Bankruptcy No. 79–266WK.

United States Bankruptcy Court, E.D. Pennsylvania.

June 13, 1985.

Lawrence S. Rosenwald, Philadelphia, Pa., for bankrupt.

Mark Charleston, Philadelphia, Pa., Trustee.

Horace A. Stern, Philadelphia, Pa., for Trustee.

Albert Ominsky, Philadelphia, Pa., for claimant/Prudential Ins. Co. of America.

## OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

This matter comes before the Court on the bankrupt's objection to the proof of claim of Prudential Insurance Company of America. For the reasons stated herein, the claim will be disallowed.

The essential facts are not in dispute.[1]

---

1. This Opinion constitutes the findings of fact and conclusions of law required by Rule 7052 of the Rules of Bankruptcy Procedure.

Telephone Communications of America, Inc., a/k/a TelCom ("bankrupt") filed a voluntary petition in bankruptcy under the Bankruptcy Act of 1898 ("Act") on February 21, 1979. A Receiver was appointed by the Court on February 22, 1979.

On March 8, 1979, counsel for Prudential Insurance Company of America ("Prudential") notified the Receiver by letter of judgment held by Prudential against its lessee, the bankrupt, in the amount of $62,-158.91. The last day for filing proofs of claim in this case was September 27, 1979.[2] Prudential filed a proof of claim with the Court in the amount of $62,158.91 on February 28, 1985, more than five (5) years past the claims bar date. The proof of claim asserts that Prudential has an unsecured priority claim, based on the judgment obtained by Prudential in the Court of Common Pleas of Montgomery County for damages flowing from the bankrupt's termination of an unexpired lease.

On March 7, 1985, the Trustee filed an objection to the proof of claim of Prudential. A hearing was held to consider the objection on April 9, 1985.

## DISCUSSION

Section 57 of the Act, 11 U.S.C. § 93, which governs the allowance of proofs of claim, provides in pertinent part:

a. A proof of claim shall consist of a statement in writing and signed by a creditor, setting forth the claim; the consideration therefor; whether any and, if so, what securities are held therefor; and whether any and, if so, what payments have been made thereon; and that the claim is justly owing from the bankrupt to the creditor. A proof of claim filed in accordance with the requirements of the Bankruptcy Act, the General Orders of the Supreme Court, and the official forms, even though not verified under oath, shall constitute prima facie evi-

---

2. The formal notice of the first meeting of creditors indicated that proofs of claim were required to be filed on or before September 27, 1979, which was six (6) months after the date fixed for the first meeting of creditors.

dence of the validity and amount of the claim.

\* \* \* \* \* \*

n. Except as otherwise provided in this Act, all claims provable under this Act, including all claims of the United States and any State or any subdivision thereof, shall be proved and filed in the manner provided in this section. *Claims which are not filed within six months after the first date set for the first meeting of creditors shall not be allowed:* Provided, however, that the court may, upon application before the expiration of such period and for cause shown, grant a reasonable fixed extension of time for the filing of claims by the United States or any State or any subdivision thereof: Provided further, that the right of infants and insane persons without guardians, without notice of the bankruptcy proceedings, may continue six months longer: And provided further, that a claim arising in favor of a person by reason of the recovery by the trustee from such person of money or property, or the avoidance by the trustee of a lien held by such person, may be filed within thirty days from the date of such recovery or avoidance, but if the recovery is by way of a proceeding in which a final judgment has been entered against such person, the claim shall not be allowed if the money is not paid or the property is not delivered to the trustee within thirty days from the date of the rendering of such final judgment, or within such further time as the court may allow. When in any case all claims which have been duly allowed have been paid in full, claims not filed within the time herein above prescribed may nevertheless be filed within such time as the court may fix or for cause shown extend and, if duly proved, shall be allowed against any surplus remaining in such case. (Emphasis added).

Section 57(n) is implemented by Rule 302(e) of the Rules of Bankruptcy Procedure.[3] That Rule provides in pertinent part:

**Rule 302. Filing Proof of Claim**

\* \* \* \* \* \*

(e) Time for Filing. A claim must be filed within 6 months after the first date set for the first meeting of creditors, except as follows:

(1) On application before the expiration of such period and for cause shown, the court may grant a reasonable, fixed extension of time for filing of a claim by the United States, a state, or a subdivision thereof.

(2) In the interest of justice the court may grant an infant or incompetent person without a guardian up to an additional 6 months for filing a claim.

(3) A claim which arises in favor of a person or becomes allowable because of a judgment for the recovery of money or property from such person or because of a judgment denying or avoiding a person's interest in property may be filed within 30 days after such judgment becomes final, but if the judgment imposes a liability which is not satisfied, or a duty which is not performed, within such period or such further time as the court may permit, the claim shall not be allowed.

(4) If notice of no dividend was given to creditors pursuant to Rule 203(b), and subsequently the payment of a dividend appears possible, the court shall notify the creditors of that fact and shall grant them a reasonable, fixed time for filing their claims of not less than 60 days after the mailing of the notice or 6 months after the first date set for the first meeting of creditors, whichever is the later.

(5) If all claims allowed have been paid in full, the court may grant a reasonable, fixed extension of time for the filing of claims not filed within the time hereinabove prescribed against any remaining surplus.

█ The Rule which governs the enlargement of time, Rule 906, explicitly excludes Rule 302(e) from discretionary enlargement, except as expressly provided in

**3.** The three-digit Rules of Bankruptcy Procedure    are applicable to cases under the Act.

Rule 302 itself. Consequently, the Bankruptcy Court has no discretion under the Rules to expand the six (6) month statutory time frame set forth in § 57(n), except as expressly provided.

The law is settled in the Third Circuit that § 57(n) is to be strictly construed. *In re Pigott*, 684 F.2d 239, 242 (3d Cir. 1982); *see also In re Mellen Manufacturing Co.*, 287 F.2d 37 (3d Cir.1961) *cert. denied*, 366 U.S. 962, 81 S.Ct. 1922, 6 L.Ed.2d 1254 (1961). Even where the equities have weighed strongly in favor of extending the time period, the Third Circuit has upheld the strict six (6) month time limit. *Pigott, supra,* at 243.

In *Pigott*, two (2) creditors filed proofs of claim after the date set for filing proofs of claim had expired. One of the creditors had communicated orally with the Trustee about its claim prior to the expiration of the six (6) month period, and filed its proof of claim only a few days after the bar date. The office of the creditor's counsel was located near the site of the Three Mile Island Nuclear Reactor accident. The creditor argued that the crisis engendered by the accident justified the late filing of the proof of claim. The Bankruptcy Court allowed both proofs of claim. On appeal, the District Court affirmed. The Third Circuit, however, reversed and remanded the case holding that, under applicable Third Circuit law, the Bankruptcy Court had no equitable power to extend the claims bar date, even for a few days. The Court stated:

> ... § 57(n) as interpreted by the Third Circuit does not give the bankruptcy court the discretion to weigh equitable considerations and allow untimely claims.

*Id.* at 245.

In the case at bar, it is undisputed that the proof of claim filed by Prudential with the Court on February 28, 1985 was untimely. Prudential argues, however, that the Court should construe the letter, written by Prudential's counsel to the Receiver on March 8, 1979 as an "informal" proof of claim which was subsequently perfected by the February 28, 1985 filing with the Court.

We turn now to an examination of the letter of March 8, 1979, which Prudential seeks to have the Court allow as an "informal" proof of claim. It contains the following language:

Dear Mr. Charleston:

As per our telephone conversation of this date, please be advised that this office represents Prudential Insurance Company who are the landlords of the Petitioner in Bankruptcy. It is my understanding that you have been appointed receiver in this matter.

Please note that we have a judgment against the Petitioner in the amount of $62,158.91. In addition thereto, we have a party who is interested in renting the space being occupied by the Petitioner at the Valley Forge Industrial Park. It is my understanding that before the contents of the offices may be moved, it will be necessary for you to take an inventory. We shall, of course, cooperate fully in this regard.

Furthermore, it is my understanding from discussion with Lawrence S. Rosenwald, Esquire, Counsel for the Petitioner that it will be necessary to remove certain files containing customers lists and receivables. We will also cooperate in this regard.

Very truly yours,

/s/ Drew S. Dorfman
Drew S. Dorfman

Although a judgment is referred to in the first sentence of paragraph two, the letter does not state Prudential's intention with regard to the judgment. Clearly, the purpose of the letter was to make arrangements with the Receiver for the rental of the space being occupied by the bankrupt to a new tenant, and not to assert Prudential's claim against the estate. In fact, the word "claim" is never used.

In the case of *First Nat. Bank of Woodbury v. West (In re Thompson)*, 227 Fed. 981 (3d Cir.1915), a creditor sought leave to file a proof of claim well after the bar date, claiming that it was an amendment to a letter which was sent to counsel for the Receiver. The Third Circuit, while recog-

nizing the propriety of "permitting imperfect claims and proofs of claims to be put into proper form after the statutory period has expired", nevertheless held that:

> ... a claim must show (as the word itself implies) that a demand is made against the estate, and must show the creditor's intention to hold the estate liable.

*Id.* at 983. *Accord, Levine v. First National Bank of Lincolnwood (In re Evanston Motor Co., Inc.),* 26 B.R. 998 (N.D.Ill. 1983).

Here, no demand against the estate is made by the March 8th letter. Nor does the letter indicate that the creditor intends to hold the estate liable. Therefore, we find (1) that the letter cannot be viewed as an "informal" proof of claim which was capable of being amended at a later date, and (2) the proof of claim filed with the Court on February 28, 1985 must be disallowed, in accordance with *Pigott.* An appropriate Order follows which disallows the claim of Prudential in its entirety.