Kent Cprek, Sagot & Jennings, Philadelphia, Pa., for movants, The Teamsters Health and Welfare Fund and Teamsters Pension Trust Fund.

Leonard P. Goldberger, Fox, Rothschild, O'Brien & Frankel, Philadelphia, Pa., for trustee.

Leo F. Doyle, Philadelphia, Pa., Trustee.

**In re Edward J. RYAN, Individually, and T/A Ryan Express, Debtor.**

**Bankruptcy No. 81–00166G.**

United States Bankruptcy Court,
E.D. Pennsylvania.

October 24, 1985.

## OPINION

EMIL F. GOLDHABER, Chief Bankruptcy Judge:

The primary point for decision is whether a creditor must receive actual notice of the bar date for filing a proof of claim, rather than be deemed to have received notice of the bar date under a presumption of the regularity of mail. On the grounds set forth below, we conclude that proof of actual notice is not required when the presumption attaches.

We summarize the facts of this controversy as follows:[1] The debtor filed a petition for relief under chapter 7 of the Bankruptcy Code ("the Code") in 1981. Based on the mailing list supplied by the debtor, the clerk of court mailed notices of the filing to numerous prepetition creditors. Three of these creditors were the Teamsters Health and Welfare Fund of Philadel-

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052.

phia, the Teamsters Pension Trust Fund of Philadelphia (collectively known as "the Teamsters' Funds") and the Local Teamsters Union # 107. For each mailing a notice was sent, *inter alia*, to:

Local Teamsters Union # 107

4th and Cherry Streets

Philadelphia, PA 19106

and

Teamsters Local # 107

101 Spring Garden St.

Philadelphia, PA 19123.

The notice stated that at that time no assets of the estate appeared to be available for distribution to prepetition creditors, that there was therefore no need for the filing of proofs of claim, but that if assets should materialize, another notice would apprise creditors of that fact and fix a bar date by which proofs of claim must be filed. Although the administrative headquarters for the Teamsters Union # 107 is housed at 101 Spring Garden Street, the proper mailing address for the Teamsters' Fund is "4th and Cherry Streets, Philadelphia, Pa. 19106," and in fact, the Teamsters' Funds actually received the first notice but made no effort to amend the court's mailing list so it would include the proper names for the Teamsters' Funds.

Assets were eventually realized and the clerk of court sent notice of that fact to creditors and stated that proofs of claim must be filed by January 4, 1985. A deputy clerk of the court has attested that, within her official duties, this notice was mailed to all interested parties, which would include those at the above quoted addresses. At that time the Teamsters' Funds employed eight persons to handle the processing of both current and delinquent claims, including claims against businesses in bankruptcy. Based on the presumption of receipt of properly addressed mail, we find that the Teamsters' Funds received actual notice of the bar date for filing proofs of claim.

The Teamsters' Funds assert that they "only became aware that assets had been recovered and a bar date for filing claims established when, in the course of their own systematic efforts to monitor bankruptcy proceedings in which they are creditors," they obtained a copy of the bankruptcy docket after the bar date passed. The Teamsters' Funds filed two proofs of claim after the bar date and then filed the instant motion for the allowance of the claims.

■ On the filing of proofs of claim the Bankruptcy Rules provide in pertinent part:

(c) Time for Filing. In a chapter 7 liquidation or chapter 13 individual's debt adjustment case, a proof of claim shall be filed within 90 days after the first date set for the meeting of creditors called pursuant to § 341(a) of the Code, except as follows:

\*    \*    \*    \*    \*    \*

(5) If notice of insufficient assets to pay a dividend was given to creditors pursuant to Rule 2002(e), and subsequently the trustee notifies the court that payment of a dividend appears possible, the clerk shall notify the creditors of that fact and that they may file proofs of claim within 90 days after the mailing of the notice.

\*    \*    \*    \*    \*    \*

Bankruptcy Rule 3002(c) (in part). The first of three issues raised by the Teamsters' Funds is whether the court should exercise its equitable power to extend the bar date so that the Funds' claims will be found to be timely filed. Precedent in this circuit clearly states that a bankruptcy court has no such equitable power to extend the deadline for the filing of proofs of claim. *In Re Crouthamel Potato Chip Co.*, 43 B.R. 937 (Bankr.E.D.Pa.1984), aff'd, 52 B.R. 960 (E.D.Pa.1985), app. to U.S. Ct. of App. pending, No. 85–1528; *In Re Pigott*, 684 F.2d 239 (3d Cir.1982).

■ The second issue is couched by the Teamsters' Funds as whether actual notice is required under Bankruptcy Rule 3002(c)(5). Case law reveals that a timely and accurate mailing raises the presumption that the mailed item was received.

*Hagner v. United States,* 285 U.S. 427, 52 S.Ct. 417, 76 L.Ed. 861 (1932); *United States v. Cresta* (In Re Cresta), 40 B.R. 953 (Bankr.E.D.Pa.1984). The Teamsters' Funds assert that the presumption does not apply since the mailing was not accurate in that it was addressed to an entity known as "Local Teamsters Union # 107" rather than to the proper name of the Teamsters' Funds.[2] The objection to the use of the presumption might have some validity had the Funds not received the first notice. Receipt of that notice imposed upon them the duty to inform the clerk of the court that they were misnamed in the mailing list. Such a duty does not seem too imposing in light of the staff of eight employees who work for the Teamsters' Funds for the processing of claims.

The third point for consideration is the claim of the Teamsters' Funds that due process is violated since they have been deprived of the opportunity to file proofs of claim by not receiving actual notice. Analogous to our resolution of the second issue raised herein, due process has not been breached since after receiving the first notice the Funds failed to inform the clerk's office of their proper names.

Since the three bases for relief are without merit, we will accordingly enter an order denying the motion of the Teamsters' Funds for the allowance of their proofs of claim.

---

2. The Teamsters' Fund rely, *inter alia,* on *Julian C. Cohen Salvage Corp. v. Eastern Electric Sales Co.,* 205 Pa.Super. 26, 206 A.2d 331 (1965) and *Higgins Lumber Company v. Marucca,* 159 Pa. Super. 405, 48 A.2d 48 (1946).