**In re FLEMING CONSTRUCTION CORPORATION.**

**Civ. A. No. 85-6806.**

United States District Court, E.D. Pennsylvania, Civil Division.

July 18, 1986.

Leonard P. Goldberger, Philadelphia, Pa., for appellee.

Edward Fackenthal, Norristown, Pa., for appellant.

## MEMORANDUM

SCIRICA, District Judge.

The issue in this matter is whether there is a laches exception to the Third Circuit rule of strict construction of Section 57(n) of the Bankruptcy Act, 11 U.S.C. § 93(n). The standard of review is whether the bankruptcy court committed legal error or made clearly erroneous findings of fact.

On March 22, 1978, an involuntary petition in bankruptcy was filed against the bankrupt. Appellant received a notice mailed to all creditors by the bankruptcy court that the last day for creditors to file claims was December 1, 1978. Appellant filed her proof of claim on December 29, 1978. In July 1985, the trustee objected to the allowance of the claim as being untimely filed. After a hearing on August 29, 1985, and by Order dated October 3, 1985, 53 B.R. 406, the bankruptcy judge sustained the trustee's objection and disallowed the claim as having been filed late.

Appellant raises certain equitable considerations. Appellant contends that the trustee's six and one-half year delay in filing his objection prejudiced her. However, at the hearing before the bankruptcy judge, appellant failed to present any evidence to support a finding of any prejudice resulting from the delay in filing the trustee's objection. Appellant also argues the possibility that her counsel received an extension of time to file his proof of claim. Appellant, who has a substantial claim of approximately $205,630.17, claims that as a matter of law, a delay of six and one-half years in filing an objection creates undue prejudice and the claim must be allowed.

Although in a case such as this where strict adherence to the six month time limit might appear severe, the time limitation must stand. The Third Circuit has re-

quired strict adherence to the six month statutory period for filing claims. *See In re Mellen Manufacturing Co.*, 287 F.2d 37 (3d Cir.1961).

In *In re Pigott*, 684 F.2d 239 (3d Cir. 1982), the Third Circuit said:

> Even where the equities have weighed strongly in favor of extending the time period, we have upheld the strict six month time limit ... Thus, under Third Circuit law, the bankruptcy court did not have the equitable power to extend the filing date ... even a few days.

Furthermore, even if I were to accept at face value, appellant's assertion that she received an extension of time, the Third Circuit has explicitly rejected such an amendment as untimely. *See Pigott, supra* at 244. As set forth in *Pigott*, under applicable Third Circuit law, the bankruptcy court has no discretion to allow the untimely filed proofs of claim for equitable reasons. (p. 245)

For the foregoing reasons, the appeal is denied and the Order of the bankruptcy judge is affirmed.