**In re Arnold STERN, Debtor.**

**Bankruptcy No. 85–05550G.**

United States Bankruptcy Court,
E.D. Pennsylvania.

Feb. 25, 1987.

Edward Cohen, Philadelphia, Pa., for the movant, Kenneth J. Neufeld.

Harold N. Kaplan, Philadelphia, Pa. for the debtor, Arnold Stern.

James J. O'Connell, Philadelphia, Pa., trustee.

## OPINION

BRUCE FOX, Bankruptcy Judge:

Kenneth J. Neufeld has filed a motion to revoke the order of discharge entered in this case, so as to permit him to file a proof of claim or amend an "informal" proof of claim.[1] For the reasons set forth below, this motion will be denied.

### I.

The relevant facts surrounding this dispute are uncontested.[2]

On December 27, 1985, the debtor filed a voluntary petition in bankruptcy under chapter 13. Shortly thereafter, the debtor filed his chapter 13 statement and plan. Only two creditors were listed—the movant, and the debtor's mortgage company. Movant's claim was listed as unsecured because the movant held a judgment lien which the debtor planned to avoid. The plan provided only for payment of unsecured claims, as the debtor's mortgage was current, with payments to the trustee set in the amount of $426.00 per month for sixty months.

On January 14, 1986, the debtor filed an amendment to his schedules and added three additional unsecured creditors. On January 28, 1986, notice was sent to all creditors, the debtor, and parties in interest that a creditors' meeting was scheduled for February 19, 1986, that May 20, 1986 was the last date for filing proofs of claim, and that a confirmation hearing on the plan would be held on May 27, 1986. No creditor filed any proofs of claim and the debtor's plan was confirmed without objection on May 27, 1986.

On June 2, 1986, (subsequent to confirmation), the debtor filed both a motion to avoid Mr. Neufeld's judgment lien under 11 U.S.C. § 522(f)(1) plus a complaint to determine that the movant held an unsecured claim because this creditor had failed to properly perfect his contractual security interest. The debtor obtained the relief he sought both from his motion and from his complaint by default, as the movant filed no responsive pleading to either matter.

After the debtor had obtained a judicial determination that Mr. Neufeld held no valid lien against property of the estate, the debtor petitioned for and received an order of discharge on August 5, 1986. Since no creditor had filed a proof of claim at any time during the case, the standing chapter 13 trustee returned to the debtor all monthly payments the trustee had received (after subtracting for administrative expenses). Shortly thereafter this instant motion was filed.

In seeking to revoke the debtor's discharge, the movant argues that his claim in the amount of $37,605.78 should have been allowed for three reasons: first, a letter sent by the movant's counsel to the debtor's counsel "was tantamount to filing a proof of claim"; second, the debtor acknowledged the movant's unsecured claim by the filing of a complaint; and third, the movant urges that excusable neglect is present permitting the late filing of a proof. (Motion ¶ 9.) The debtor counters by arguing that no proof of claim was ever filed by the movant and that I have no authority to extend the bar date.

### II.

Section 1328(e) of the Bankruptcy Code permits the revocation of an order of discharge in a chapter 13 case only when:

(e) On request of a party in interest before one year after a discharge under this section is granted, and after notice and a hearing, the court may revoke such discharge only if—

(1) such discharge was obtained by the debtor through fraud; and

---

1. I have overlooked the movant's failure to raise this issue by complaint, rather than by motion, as required by Bankr.Rule 7001(4). The debtor has not objected to this procedural defect.

2. At the hearing, the only evidence introduced were various documents. No testimony was presented.

(2) the requesting party did not know of such fraud until after such discharge was granted.

11 U.S.C. § 1328(e).

■ Obviously, fraud is the linchpin which empowers a bankruptcy court to grant a revocation.[3] *See In re Levine*, 8 B.R. 281, 284 (N.D.Ill.1980); 5 *Collier on Bankruptcy* ¶ 1328.01 (15th ed. 1986). The movant's implicit argument is that a debtor fraudulently obtains a discharge under § 1328(a) if he has failed to complete all required plan payments. Whether such conduct amounts to fraud need not be addressed here unless this debtor failed to complete his obligations under the confirmed plan. Since I conclude that the failure of any creditor to file a timely proof of claim terminated the debtor's obligation to make payments under his plan, the debtor completed his obligations under the plan and committed no fraud.

### III.

■ The debtor's plan, which was confirmed without objection, obligated the debtor to pay a portion of allowed unsecured claims. In order for an unsecured creditor to have an allowed claim in a chapter 13 case, he must file a proof of claim. 11 U.S.C. §§ 501, 502; Bankr.Rule 3002. After confirmation, "distribution shall be made to creditors whose claims have been allowed." Bankr.Rule 3021; *accord In re Key*, 64 B.R. 786 (Bankr.M.D.Tenn.1986). Once the debtor's plan was confirmed, its terms were binding upon the debtor and all creditors. 11 U.S.C. § 1327(a); *accord Matter of Gregory*, 705 F.2d 1118 (9th Cir. 1983). And, once the debtor has completed his plan payments, he is entitled to a discharge of all debts "provided for by the plan or disallowed under section 502" (with certain exceptions not relevant here). 11 U.S.C. § 1328(a).

In the instant case, no creditor filed a proof of claim. Therefore, the creditors' inaction permitted the debtor to complete the terms of his plan without making any plan payments for there were no creditors to whom the trustee was to make distribution. Bankr.Rule 3021.

The movant seeks to avoid this result by arguing that he did file a timely proof of claim, albeit an "informal" one. He maintains that a letter sent by the creditor's attorney to the debtor's attorney, plus the litigation brought against the movant by the debtor constitute a proof of claim. Alternatively, he seeks leave to file a late proof. *See In re Key* (no discharge will be entered until all claims, including an informal proof of claim, are paid).

### IV.

The concept of requiring creditors to file proofs of claim within a certain period of time (the "bar date") stems from the Bankruptcy Act of 1898. Prior to that time, there was no fixed time period for filing claims. In order to facilitate the prompt administration of the bankrupt's (now the debtor's) estate, a one year limitation period was set which was later reduced to six months by the Chandler Act of 1938 (former § 57n), 11 U.S.C. § 93n (repealed 1978)), and which was further reduced to three months by Bankr.Rule 3002(c). *See In re Pigott*, 684 F.2d 239 (3d Cir.1982); *In re Supernit, Inc.*, 186 F.2d 130 (3d Cir. 1950); *In re Thurston*, 52 B.R. 71 (D.Colo. 1983); 2 *Remington on Bankruptcy* § 867 (5th ed. 1956).

The movant urges that any failure to file a proof of claim was due to counsel's oversight and requests that I permit a late filing for this "excusable neglect." However, courts in this circuit have long held that I have no power to extend the bar date

---

**3.** I am aware that the Court of Appeals for the Ninth Circuit recently held that § 105(a) may enable a court to revoke a confirmation order. *In re Chinichian*, 784 F.2d 1440 (9th Cir.1986). However that case is inapposite as the bankruptcy court had expressly left open the issue of good faith under § 1325 at the time of confirmation. Therefore, I do not reach the question whether section 105 supplements the provision of section 1328(e). *But see In re Edwards*, 67 B.R. 1008 (Bankr.D.Conn.1986) (fraud is necessary to revoke confirmation order).

for equitable reasons.[4] *E.g., In re Pigott; In re Supernit; In re Owens*, 67 B.R. 418, 423 (Bankr.E.D.Pa.1986); *In re Ryan*, 54 B.R. 105 (Bankr.E.D.Pa.1985); *In re Fleming Construction Corp.* 53 B.R. 406 (Bankr.E.D.Pa.1985), *aff'd*, 63 B.R. 392 (E.D.Pa.1986); *In re Telephone Communications of America, Inc.*, 49 B.R. 959 (Bankr.E.D.Pa.1985); *accord, Hoos & Co. v. Dynamics Corp.*, 570 F.2d 433, 439 (2d Cir.1978):

> Thus, however much we would like to permit the bankruptcy court to consider in a particular case, including this one, whether it would be "equitable" to permit late filing of a scheduled claim, to do so would put the bankruptcy courts in the unenviable position of indefinitely having to consider claims whenever some sort of excuse is asserted. Such a procedure would destroy the objective of finality which Congress obviously intended to promote.

█ A recent decision from the Third Circuit Court of Appeals, *In re Crouthamel Potato Chip Co.*, 786 F.2d 141, 146 n. 7 (3d Cir.1986), may portend a slight loosening of the "strict" rule enunciated in earlier cases such as *In re Supernit*.[5] Certainly there are other courts which have looked to former Bankr.Rule 906(b)(1), now Bankr.Rule 9006(b)(1), as permitting an enlargement of time for filing proofs of claim based upon "excusable neglect."[6] *See In re O.P.M. Leasing Services, Inc.* 48 B.R. 824 (S.D.N.Y.1985). However, this phrase has been narrowly defined and is limited to those situations where the failure to act timely was due to circumstances beyond the creditor's control. *In re South Atlantic Financial Corp.*, 767 F.2d 814, 817 (11th Cir.1985), *cert. denied*, — U.S. —, 106 S.Ct. 1197, 89 L.Ed.2d 311 (1986); *In re Benedict*, 65 B.R. 95, 96 (Bankr.N.D.N.Y. 1986).

█ In this matter, though, the only reason given for the failure to file a proof of claim was due to counsel's oversight. Mr. Neufeld admits to receiving the requisite notices, including that of a bar date, but his counsel failed to apprise himself of the requirements of Rule 3002.[7] Therefore even if I were to conclude that I had the authority to enlarge the time established in Rule 3002(c), I would decline to do so in this instance. *Accord, In re Pigott*, 684 F.2d at 244; *In re South Atlantic Financial Corp.*, 767 F.2d at 819. *Cf. Matter of Arkansas Co., Inc.* 798 F.2d 645 (3d Cir. 1986) (attorney oversight does not meet extraordinary circumstances requirement under 11 U.S.C. §§ 327, 330).

### V.

█ Perhaps recognizing the limits upon my power to expand the deadlines established by Rule 3002(c), the movant alternatively argues that he had timely filed an informal proof of claim by virtue of a letter his counsel wrote to the debtor's counsel on January 6, 1986[8] and by virtue of the liti-

---

**4.** The current limitations period is set out in Bankr.Rule 3002(c) which was derived from former Bankr.Rule 302(e) and section 57n of the prior Bankruptcy Act. Thus, decisions interpreting these earlier provisions are relevant to an understanding of the current rule. *In re W.T. Grant Co.*, 53 B.R. 417, 420 n. 4 (Bankr.S. D.N.Y.1985).

**5.** In fact, where no prior notice of the bar date has been given, enlargement may be constitutionally required. *See In re Harbor Tank Storage Co.*, 385 F.2d 111, 114 (3d Cir.1967). Here, the movant received prior notice of the bar date.

**6.** These decisions utilizing Rule 9006(b)(1) do not discuss Rule 9006(b)(3) which seems to deny the power to enlarge the bar date except as permitted by Rule 3002(c) itself. *See In re Pi-*

**gott**, 684 F.2d at 242 n. 2; *In re Telephone Communications of America, Inc.*, 49 B.R. at 961–62; Advisory Committee Note to Rule 9006(b).

**7.** At the hearing, counsel explained that he thought filing proof of claim was not necessary in a chapter 13 case when the claim was duly scheduled. Unfortunately, this procedure occurs only in chapter 11 cases. 11 U.S.C. § 1111(a). An attorney cannot claim ignorance of the bankruptcy rules. *In re Pigott*, 684 F.2d at 244.

**8.** A copy of the letter was attached to the motion as Exhibit B. There appears to be no dispute that this letter was sent.

gation brought against him by the debtor. Indeed, the creditor is correct that a writing, although not in the format prescribed by Official Form No. 19, and although not containing all the information required by Bankr.Rule 3001 may yet constitute a proof of claim for purposes of Bankr.Rule 3002. *In re Sambo's Restaurants, Inc.*, 754 F.2d. 811 (9th Cir.1985); *In re Thompson*, 227 F. 981 (3d Cir.1915); 2 *Remington on Bankruptcy* §§ 879 *et seq.* (5th ed. 1956). And, if the movant here had filed a timely informal proof, he might be entitled to amend his earlier claim by a post-bar date filing which provides all the information required in form No. 19. *In re Anderson-Walker Industries, Inc.*, 798 F.2d 1285 (9th Cir. 1986); *In re International Horizons, Inc.*, 751 F.2d 1213 (11th Cir.1985).

The creditor is also correct that courts have found certain letters and pleadings to constitute proofs of claim, *see In re Sambo's Restaurants, Inc.*, but not every letter nor every pleading falls within this category. *In re South Atlantic Financial Corp.* Certainly, the writing must contain at least two elements: "(1) a demand by the creditor on the debtor's estate and (2) an intent to hold the debtor liable for the debt." *In re Guardian Mortgage Investor*, 15 B.R. 284, 285 (M.D.Fla.1981).

 Here, the letter written on January 6, 1986 merely states that Mr. Neufeld is a secured creditor in the amount of $37,-605.78 and identifies the collateral. The letter expresses no intent on the part of this creditor to look to the estate for payment of the debt, rather than to his collateral. Thus, this letter cannot be considered a proof of claim. *In re Thompson; accord, e.g., Matter of Evanston Motor Co.*, 26 B.R. 998 (N.D.Ill.1983), *aff'd*, 735 F.2d 1029 (7th Cir.1984); *In re Telephone Communications of America, Inc.* Moreover, the letter was sent to debtor's counsel which would not constitute a filing with this court. *See* Bankr.Rule 5005(b). The

purpose of the filing requirement is to alert the court, the trustee and other creditors, as well as the debtor, to a particular claim. That the debtor is aware of a claim has never been held sufficient to constitute a proof of claim. *Hoos v. Dynamics Corporation of America; In re Pigott; In re W.T. Grant Co.*

 The debtor's pleadings filed against the creditor, to which the creditor never responded, also cannot constitute a proof of claim on the part of the creditor. Not only is there no indication from those pleadings of the creditor's intent to look to the estate for payment, *see In re Butterworth*, 50 B.R. 320 (W.D.Mich.1984) (complaint under § 523 seeking a finding of nondischargeability is not a proof of claim), but the pleadings are not a writing signed by the creditor or his agent as required by Bankr. Rule 3001. *See Hoos & Co. v. Dynamics Corporation of America.* [9]

## VI.

I recognize that my conclusions allow the debtor to discharge his unsecured debts without making any payments to his creditors. Although this may seem inequitable, the establishment of a limitations period inevitably causes hardship to those who fail to act timely. Surely Congress understood this when it first established a bar date; yet, it concluded that prompt administration of bankruptcy cases was needed to protect the rights of debtors and creditors generally. Since 1898, the trend has been toward requiring creditors to assert their claims ever more quickly. Based upon the facts and arguments presented to me, I must apply the provisions of Bankr.Rule 3002(c).

An appropriate order will be entered.

## ORDER

AND NOW, this 25 day of February, 1987, upon consideration of Kenneth T.

---

9. Although not mentioned by either party, I note that the debtor's filing of these pleadings extended the bar date beyond May 20, 1986. *See* Bankr.Rule 3002(c)(3). Even with an extended bar date, the creditor has offered no writing which might constitute a timely proof of claim; this motion cannot be considered a proof of claim as it was filed well beyond the extended limitations period.

Neufeld's motion to revoke the order of discharge entered in this case, and the debtor's response thereto, the motion is hereby DENIED.