**In re R.E. LEE & SONS, INC., Debtor.**

**Bankruptcy No. 5–86–00007.**

United States Bankruptcy Court,
M.D. Pennsylvania.

Jan. 26, 1989.

Stephen G. Bresset, Honesdale, Pa., for Agway.

Joseph R. Gorman, Tunkhannock, Pa., Trustee.

## OPINION AND ORDER

THOMAS C. GIBBONS, Bankruptcy Judge:

This matter is before the court on an objection to distribution filed against the Trustee by Agway, Inc. (hereinafter "Agway"). For the reasons provided herein, we find the objections to be without merit and, therefore, denied.

On or about July 7, 1988, Agway filed the instant objection to the Trustee's proposed distribution. Thereafter, on November 1, 1988 the parties filed a Stipulation of Agreed Facts as follows:

1. That the above proceeding was commenced under the provisions of 11 U.S.C. Section 701.

2. That at the time of the commencement of this proceeding the Claimant, Agway, Inc. was listed as a Secured Creditor in the amount of approximately $250,000 and was listed at an address of Syracuse, New York.

3. That although Agway, Inc. is located in Syracuse, New York, Agway, Inc. at that location consists of 52 divisions, in excess of 560 separate offices at the Syracuse facility and twenty-one (21) separate post office boxes.

4. That the failure of the Creditor to file a timely Proof of Claim is a sole and singular result of the failure of the appropriate division of Agway, Inc. to receive timely notice.

5. That the Creditor has filed a Proof of Claim indicating the correct address as being P.O. Box 4746, Syracuse, New York.

6. It is further agreed these stipulated facts are those which Arthur Sheid would testify to if called at hearing on the objection to distribution.

Agway argues that the debtor did not properly exercise all its obligations under the Bankruptcy Code and Rules because Agway's address as listed on the schedules was incomplete and, therefore, was not sufficient to insure that Agway would have proper notice to file a timely proof of claim. Agway does not claim it never received notice but, rather, that the proper division of its facility in Syracuse, New York did not receive the notice to file proofs of claim in time to do so by the deadline date. The Trustee responds that the debtor adequately performed its duties under the Bankruptcy Code by listing the correct address of each creditor and that even if Agway did not receive actual notice, it had constructive notice. Further, the Trustee directs the Court's attention to the docket and case file which reveal that the notices mailed to Agway were not returned to the Clerk's Office.

## DISCUSSION

■ Initially, we note the Third Circuit has repeatedly held that bankruptcy courts do not have the power nor authority to

extend the bar date for the filing of proofs of claim even in situations where there are compelling equitable reasons to do so. Third Circuit precedent is as follows: *In re Supernit, Inc.*, 186 F.2d 130 (3rd Cir.1950); *In re Pigott*, 684 F.2d 239 (3rd Cir.1982); *In re Owens*, 67 B.R. 418, 423 (Bankr.E.D. Pa.1986); *In re Ryan*, 54 B.R. 105 (Bankr. E.D.Pa.1985); *In re Fleming Construction Corp.*, 53 B.R. 406 (Bankr.E.D.Pa. 1985), *aff'd*, 63 B.R. 392 (E.D.Pa.1986); *In re Telephone Communications of America, Inc.*, 49 B.R. 959 (Bankr.E.D.Pa.1985); *accord, Hoos & Co. v. Dynamics Corp.*, 570 F.2d 433, 439 (2d Cir.1978); *In re Crouthamel Potato Chip Co.*, 786 F.2d 141 (3rd Cir.1986); *In re Valley Forge Corp.*, 27 B.R. 121 (Bankr.E.D.Pa.1983); *In re Stern*, 70 B.R. 472 (Bankr.E.D.Pa.1987).

■ With this precedent as a guide we now turn to Agway's argument which directs our attention to Bankruptcy Rule 1007(a)(1) which provides as follows: "The debtor shall file with the petition a list containing the name and address of each creditor." Agway asserts that the debtor did not comply with its responsibility to adequately list the creditor with a sufficient address to permit timely notice. The burden is on the debtor to use reasonable diligence in completing their schedules and lists. See *In re Fauchier*, 71 B.R. 212 (9th Cir. Bankr. Appeal Panel 1987) citing *In re Robertson*, 13 B.R. 726, 731 (Bankr.E.D. Va.1981), *In re Blossom*, 57 B.R. 285 (Bankr.N.D. Ohio 1986); *In re Gray*, 57 B.R. 927 (Bankr.R.I.1986).

■ We repeat that Agway does not claim it never received notice but, rather, that the proper division of Agway did not receive the notice in time to file a proof of claim. We note that the particular notice in question provides creditors adequate time (90 days) to file a proof of claim. Rule 3002(c)(5) provides as follows:

**Rule 3002. Filing Proof of Claim or Interest.**

(c) **Time for Filing.** In a chapter 7 liquidation or chapter 13 individual's debt adjustment case, a proof of claim shall be filed within 90 days after the first date set for the meeting of creditors called pursuant to § 341(a) of the Code, except as follows:

(5) If notice of insufficient assets to pay a dividend was given to creditors pursuant to Rule 2002(e), and subsequently the trustee notifies the court that payment of a dividend appears possible, the clerk shall notify the creditors of that fact and that they may file proofs of claim within 90 days after the mailing of the notice.

The notice in question was given pursuant to Rule 3002(c)(5) which is actually one of six exceptions to Rule 3002(c). Agway has not presented any facts to support the application of the other listed exceptions to the extension of the bar date provided in 3002(c). We do not find that the debtor, in this instance, failed to use due diligence in properly listing Agway's address because Agway could not distribute the notice to its proper division within a 90 day period. In short, Agway requests this court to overlook "bar dates" established by the Rules of Bankruptcy Procedure and the particular notice in questions because of its own failure to distribute mail to its proper division.

Additionally, Rule 9006(b)(3) (Enlargement Limited) provides:

(3) **Enlargement Limited.** The court may enlarge the time for taking action under Rules 1006(b)(2), 3002(c), 4003(b), 4004(a), 4007(c), 8002, and 9033, only to the extent and under the conditions stated in those rules.

Once again, we note Agway has not presented any facts or argument which would compel this court to grant enlargement of the bar date provided in § 3002(b). The *In re Stern* court, *supra*, however, at 475 writes that some courts look to Bankruptcy Rule 9006(b)(1) to permit enlargement of the time to file proof of claim based upon "excusable neglect". Citing *In re O.P.M. Leasing Services, Inc.*, 48 B.R. 824 (S.D.N.Y.1985). Rule 9006(b)(1) provides:

(b) **Enlargement.**

(1) In General. Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be

done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

Footnote 6 at page 475 of the *Stern* decision indicates that the courts that utilize 9006(b)(1) do not discuss 9006(b)(3). The *Stern* court continues by writing that the phrase "excusable neglect" "has been narrowly defined and is limited to those situations where the failure to act timely was due to circumstances beyond the creditor's control." (Citations omitted). *Stern,* p. 475. Regardless, we find the facts of this case do not show excusable neglect and certainly do not reveal circumstances that were beyond the creditor's control.

Finally, case law reveals that a timely and accurate mailing raises the presumption that the mailed item was received. See *In re Ryan,* 54 B.R. 105 (Bankr.E.D. Pa.1985) citing *Hagner v. United States,* 285 U.S. 427, 52 S.Ct. 417, 76 L.Ed. 861, (1932); *United States v. Cresta (In re Cresta),* 40 B.R. 953 (Bankr.E.D.Pa.1984). The record of this case indicates that none of the mail addressed to Agway, Inc. was returned to the Clerk's office marked "undelivered".

Consequently, based on the foregoing, we find that this debtor properly exercised all its responsibilities under the dictates of both the Bankruptcy Code and the Bankruptcy Rules and that Agway's objections to the distribution are as previously stated without merit and, therefore, denied.