In re **VERTIENTES, LTD.,** Debtor.

**VERTIENTES, LTD., Plaintiff–Appellee,**

v.

**INTERNOR TRADE, INC.,**
**Defendant–Appellant.**

No. 87–5713.

United States Court of Appeals,
Third Circuit.

Argued March 8, 1988.

Decided April 19, 1988.

Melvin Greenberg, Ina B. Lewisohn (argued), Steven D. Scharfetter, Greenberg, Dauber & Epstein, P.C., Newark, N.J., for defendant-appellant.

Donald B. Devin (argued), Randolph, N.J., for plaintiff-appellee.

Before WEIS,[*] GREENBERG and ALDISERT, Circuit Judges.

## OPINION OF THE COURT

ALDISERT, Circuit Judge.

We must decide whether the district court erred in affirming a bankruptcy court order denying appellant leave to file an amended proof of claim. Because we conclude that the bankruptcy court had no discretion to allow the late filing of a claim on the facts of this case, we will affirm.

### I.

On January 11, 1984, Vertientes, Ltd. filed a voluntary petition for reorganization under Chapter 11 of the Bankruptcy Reform Act of 1978, 11 U.S.C. §§ 1101–1174. Vertientes listed a $1.2 million loan from Internor Trade, Inc. as a disputed debt. On January 31, 1984, the bankruptcy court ordered a meeting of Vertientes' creditors. The order stated:

> Creditors whose claims are not listed or whose claims are listed as disputed, contingent, or unliquidated as to amount and who desire to participate in the case or share in any distribution must file their proofs of claim on or before the last day fixed for filing a proof of claim. Any creditor who desires to rely on the lists has the responsibility for determining that he is accurately listed.
>
> ANY CREDITOR OR EQUITY SECURITY HOLDER WHOSE CLAIM OR INTEREST IS NOT SCHEDULED OR SCHEDULED AS DISPUTED, CONTINGENT OR UNLIQUIDATED SHALL FILE A PROOF OF CLAIM OR INTEREST WITHIN 90 DAYS AFTER THE DATE SET FOR THE MEETING OF CREDITORS CALLED UNDER 341–A OF THE CODE OR UNLESS OTHERWISE MODIFIED BY THE COURT.

App. at A–43.

Internor did not appear at the creditors' meeting, which was held as scheduled on February 27, 1984. Nor did Internor file a proof of claim. On May 2, 1985, Vertientes filed a Disclosure Statement and Plan of Reorganization with the bankruptcy court. Counsel for Vertientes provided copies of both to counsel for Internor. Internor made no objections. On September 24, 1985, the bankruptcy court issued an order confirming Vertientes' reorganization plan. Internor did not appeal the order.

In the interim, on April 11, 1984, Vertientes filed a complaint against Internor seeking to subordinate Internor's disputed claim to the claims of Vertientes' shareholders. Because of various procedural delays, this action dragged on for over two years. On September 11, 1986, Internor answered Vertientes' second amended complaint, counterclaiming for recovery of the $1.2 million debt. Vertientes moved to strike the counterclaim on the ground that Internor had never filed a proof of claim in the Chapter 11 action. Internor then moved for leave to file an amended proof of claim. The bankruptcy court denied Internor's motion, finding that the motion was not timely. The district court affirmed and Internor appeals.

The district court had jurisdiction under 28 U.S.C. § 1334. We have jurisdiction under 28 U.S.C. § 1291. The appeal was timely filed under F.R.A.P. 4(a).

### II.

■ Before we examine the merits of Internor's argument, we must first discuss the appropriate standard of review. According to the district court, the bankruptcy court order denying Internor's motion for leave to file an amended proof of claim "is reviewed for a determination as to whether it is clearly erroneous or contrary to law." App. at A–275. The district court's choice of a standard of review is a matter of law. Therefore, our review of this question is plenary. *Universal Minerals, Inc. v. C.A. Hughes & Co.*, 669 F.2d 98, 101–02 (3d Cir.1981).

* The Honorable Joseph F. Weis Jr. was an active judge at the time this appeal was argued and decided. He has now assumed senior status.

In support of its statement on the appropriate standard of review, the district court cited *In re Pigott*, 684 F.2d 239, 241 (3d Cir.1982). Although *Pigott* is still good law in certain respects, it no longer reflects the proper standard of review for this type of order because of changes brought about by the Bankruptcy Reform Act of 1978, effective October 1, 1979, and the new procedural rules effective August 1, 1983.

In *Pigott*, this court overturned a bankruptcy court order permitting a creditor to file a late proof of claim. We held that, under the applicable law—section 57(n) of the Bankruptcy Act, 11 U.S.C. § 93(n)—the bankruptcy court had no discretion to allow untimely claims. *In re Pigott*, 684 F.2d at 241. Because section 57(n) did not allow for any exercise of judicial discretion, we stated that the appropriate standard of review was the "clearly erroneous or contrary to law" standard. *Id.*

*Pigott* was based on the old Bankruptcy Code and Rules. The case states that, "because the bankruptcy proceedings herein commenced prior to October 1, 1979, the provisions of the Bankruptcy Reform Act of 1978 are not applicable." *Id.* at 242 n. 1 (citation omitted). Section 57(n), however, was repealed in 1978 when the new Act was passed. The new law is effectuated by the current Rules, adopted by the United States Supreme Court on April 25, 1983. Those Rules govern the present case.

The district court correctly chose to apply Bankruptcy Rule 3003 to this case. As to time of filing a proof of claim, that Rule states:

> The court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed.

Rule 3003(c)(3). The old Rule did not allow any such extensions "for cause shown." The only exceptions to its strict six-month limit were for specific situations set forth in the statute. Because none of the exceptions were applicable in *Pigott*, the claimant had argued for an extension based on the bankruptcy court's equitable powers. On appeal, we held that because the statute expressly limited exceptions, and by its language prohibited all other late claims, the bankruptcy court had no discretion to allow a late proof of claim. *In re Pigott*, 684 F.2d at 242.

The current Rule is clearly different. The discretion granted by the phrases "for cause shown" and "may extend" in Rule 3003(c)(3) is mirrored in Rule 9006(b):

> Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

Rule 9006(b)(1). *See In re South Atlantic Fin. Corp.*, 767 F.2d 814, 817 (11th Cir. 1985), *cert. denied*, 475 U.S. 1015, 106 S.Ct. 1197, 89 L.Ed.2d 311 (1986) (Rule 3003(c)(3) must be read in conjunction with Rule 9006(b)).

The exceptions provided in paragraphs (2) and (3) of Rule 9006(b) refer to other Rules under which the court has no discretion to extend time, or can extend it only within limits set out in those Rules. The exceptions, however, do not refer to Rule 3003, and thus do not apply to this case. Therefore, under Rule 9006(b)(1), a bankruptcy court does have discretion to extend time to file a proof of claim, but only under the circumstances set forth in the two situations described in the Rule.

Accordingly, based on the language of discretion in Rules 3003(c)(3) and 9006(b)(1), we conclude that the abuse of discretion standard governs the review of a bankruptcy court's refusal to allow a creditor to file a late proof of claim. The language of *In re Pigott*, applying a different standard to the non-discretionary old law, is no longer applicable.

### III.

■ We now turn to the merits of Internor's argument. Internor contends that the bankruptcy court should have exercised its discretion to allow the late claim because there would have been no resultant prejudice. We disagree.

As explained above, Rule 3003(c)(3) must be read in conjunction with Rule 9006(b). *In re South Atlantic,* 767 F.2d at 817. Under these Rules, the bankruptcy court's discretion to extend time is limited to two situations—requesets made before the expiration of the originally prescribed time limitation, and where failure to act was due to excusable neglect. The court has no discretion to grant an extension simply because no prejudice would result, or for any other equitable reason. *See In re Stern,* 70 B.R. 472, 474–75 (Bankr.E.D.Pa.1987); *In re Owens,* 67 B.R. 418, 423 (Bankr.E.D. Pa.1986); *see also In re Pigott,* 684 F.2d at 244–45 (bankruptcy court cannot weigh equitable considerations to allow untimely claims); *In re Supernit,* 186 F.2d 130, 132 (3d Cir.1950).

Counsel for Internor asserted at oral argument that Internor had decided not to file a formal proof of claim in the Chapter 11 proceeding because it believed it was not necessary to do so under the circumstances. Those circumstances included Vertientes' listing of Internor in its schedule of creditors, the adversary complaint that sought to subordinate Internor's claim, and Vertientes' Disclosure Statement. In a similar case, *In re Central Equip. & Serv. Co.,* 61 B.R. 986 (Bankr.N.D.Ga.1986), creditor corporations, counterclaiming in a suit by the debtor, moved to file a late proof of claim after the bar date. The creditors had made a deliberate decision not to file a proof of claim for their unsecured debts before the bar date because they believed they had no possibility of recovery against the estate. The court held that given the deliberate decision not to file, the creditors had not shown excusable neglect, and thus could not file a late proof of claim. We find the court's reasoning applicable in the present action.

Internor has not argued excusable neglect at any time during this case. Nor did it request any extension of time to file before the originally prescribed time period had run out. Therefore, under Rules 3003(c)(3) and 9006(b)(1) the bankruptcy court had no discretion to allow Internor to file a late proof of claim. Moreover, before a court may permit a party to file an amended proof of claim, there must be something filed in the bankruptcy court capable of being amended. *In re South Atlantic,* 767 F.2d at 819; *In re International Horizons, Inc.,* 751 F.2d 1213, 1217 (11th Cir.1985); *In re W.T. Grant Co.,* 53 B.R. 417, 420 (Bankr.S.D.N.Y.1985); *In re Sems Music Co.,* 24 B.R. 376, 380 (Bankr. M.D.Tenn.1982). Internor has filed no claim capable of being amended.

■ The courts have universally held that a debtor's scheduling of a creditor's disputed, contingent, or unliquidated claim does not constitute a proof of claim. To hold otherwise would completely eviscerate the statutory requirement that such a creditor file a formal proof of claim. *See, e.g., In re South Atlantic,* 767 F.2d at 819; *In re Pigott,* 684 F.2d at 245; *Hoos & Co. v. Dynamics Corp. of America,* 570 F.2d 433, 439 (2d Cir.1978). The new Rules have not changed the requirement that a formal proof of claim must be submitted. *See* Bankruptcy Rule 3003(c)(2) (creditor whose claim is scheduled as disputed "shall file a proof of claim"); 11 U.S.C. § 1111(a) (proof of claim is not deemed automatically filed if scheduled as disputed). 11 U.S.C. § 11(a). Neither have the new Rules changed this court's requirement that "listing a claim in the schedule of creditors is not the equivalent of filing a proof of claim." *In re Pigott,* 684 F.2d at 245; *see also In re Stern,* 70 B.R. at 476 (that debtor is aware of claim

Because the bankruptcy court had no discretion to grant Internor's motion for leave to file an amended proof of claim, the

district court did not err in affirming the denial of the motion.

## IV.

 Finally, Internor argues that Vertientes should be equitably estopped from raising the issue of Internor's failure to file proof of its disputed claim. Internor contends that fairness warrants such a result. This argument is based on "Vertientes' extensive actions in acknowledging the disputed claim of Internor." Br. for appellant at 21. Internor points out that throughout these proceedings, Vertientes has recognized Internor's claim—in its original schedule of creditors, in its Disclosure Statement, and in its action to subordinate the claim. However, Vertientes' recognition of Internor's claim does not give rise to an estoppel.

In *Lovell Mfg. v. Export–Import Bank of the United States,* we noted the elements of estoppel:

Estoppel requires 1) words, acts, conduct or acquiescence causing another to believe in the existence of a certain state of things; 2) wilfulness or negligence with regard to the acts, conduct or acquiescence; and 3) detrimental reliance by the other party upon the state of things so indic[a]ted.

777 F.2d 894, 898 (3d Cir.1985).

In the present case, Vertientes did not engage in any course of conduct causing Internor to believe its disputed claim had been properly filed. Nor did Vertientes acquiesce in Internor's failure to file. To the contrary, Vertientes' counsel twice requested that Internor's counsel file a proof of claim. The elements of estoppel are not present in this case. Moreover, Internor's fairness argument does not support its cause. Internor never objected to the final Plan and order of the bankruptcy court and took no action on its claim until 1986, two years after it should have filed. Even if equitable estoppel could lie in this case, the equities certainly do not rest with Internor.

## V.

Because the bankruptcy court had no discretion to allow the late filing of a proof of claim on these facts, the judgment of the district court will be affirmed.