**In the Matter of DEWEY BEACH ENTERPRISES, INC., Debtor.**

**Bankruptcy No. 89–147.**

United States Bankruptcy Court, D. Delaware.

Jan. 29, 1990.

---

3. See Federal Rules of Appellate Procedure 4, 5, and 6.

4. See Discussion at Page 677.

Pace Reich, Philadelphia, Pa., for debtor.

Patricia C. Hannigan, Asst. U.S. Atty., Wilmington, Del., for I.R.S.

## MEMORANDUM OPINION AND ORDER

HELEN S. BALICK, Bankruptcy Judge.

Dewey Beach Enterprises, Inc., is a Chapter 11 debtor. In its petition filed March 17, 1989, it listed the Internal Revenue Service as the holder of a disputed claim in the amount of $370,337. On August 31, the IRS filed a proof of claim in the amount of $886,354.26, which it amended on September 12 to increase the amount to $1,286,175.26. (Claim Nos. 47 and 48). Dewey Beach objects not only to the amount claimed but to the timeliness of its filing. At the request of counsel, hearing on the objection was bifurcated in order for

the procedural issue of timeliness to be resolved first. (Doc. # 71).

## BACKGROUND

Dewey Beach owns and operates the Rusty Rudder restaurant and two other restaurants in the adjacent Ruddertowne complex in Dewey Beach, Delaware. The IRS claim is for taxes due for the periods ending October 31 of 1983, 1984, 1985, and 1986. Joseph H. Prettyman, Jr., one of Dewey Beach's principals, in May of 1988 plead guilty to charges of filing a false corporate tax return as well as conspiracy to defraud the IRS. As a result, he is currently serving a six-year prison sentence. Due to looming tax liabilities and other financial problems, Dewey Beach and the individual debtors Joseph and Audrey Prettyman (filing jointly) filed Chapter 11 petitions on March 17, 1989.

On March 22, Patricia C. Hannigan, Assistant U.S. Attorney, entered her appearance for the IRS and requested her name be placed on the case mailing list. On March 27, Pace Reich, Dewey Beach's counsel, and Ms. Hannigan held a telephone conversation during which Mr. Reich requested that the IRS file its proof of claim as soon as possible. Later that day, Ms. Hannigan informed Mr. Reich's paralegal assistant that it generally takes the IRS about three months to file a proof of claim. (Statement of Facts, Doc. # 74).

The court on May 1 entered an order setting a bar date of June 30 for the filing of claims. (Doc. # 19). Notice of the entry of this order was not given. Dewey Beach's second application filed June 16 was granted by order dated June 19, setting a bar date of August 18. (Doc. # 52). Service of the bar date order was made on creditors, including the IRS, in accordance with Bankr.R. 2002(a)(8). (Cert of Service, Doc. # 53).

Two IRS divisions investigated and reached different conclusions as to the corporation's tax liability. The Special Procedure Function which is responsible for filing proofs of claim determined around June 1 that Dewey Beach owed no back taxes; nevertheless, the Examination Section which audited both corporate and individual returns became convinced that substantial tax liabilities were owed by all debtors. This fact was communicated by the Managing Revenue Agent informally to the Chief of Special Procedures over the summer. The IRS blames the late filing on Dewey Beach's accountant, Robert McCulley, for increasingly slow response to its audit requests even though Mr. Prettyman's incarceration obviously hindered the accountant's efforts. Moreover, the IRS filed its first proof of claim in the Prettyman case on August 9, 1989, (since amended several times) and candidly admits that the Chief of Special Procedures was somehow under the mistaken impression that the bar date was August 31, 1989. It was on this date—nearly two weeks after the bar date—that the IRS eventually filed its proof of claim in this case. The amended proof filed September 12 included penalties. Since the amended proof of claim substitutes for the original proof of claim, Dewey Beach's objection filed October 3 refers to the second proof, No. 48. All references to it apply equally to the first filed IRS claim unless stated otherwise.

## Discussion

In Chapter 11 cases, creditors holding claims not listed in debtors' schedules as disputed, contingent or unliquidated are deemed filed under 11 U.S.C. § 1111(a). Creditors holding disputed, contingent or unliquidated claims are required to file proofs of claim in order to participate in the case. The bankruptcy court must fix the time within which those proofs of claim may be filed. Bankr.R. 3003(c)(2) and (3).

In fixing a bar date, the court sets "a statute of limitations which has been characterized as a prohibition and has been viewed as peremptory." *In re W.T. Grant Co.*, 53 B.R. 417, 420 (Bankr.S.D.N.Y.1985). For cause shown, the time within which proofs of claim may be filed may be extended. Bankr.R. 3003(c)(3). However, Rule 3003(c)(3) must be read in conjunction with the general time enlargement procedures prescribed by Rule 9006(b)(1). *Vertientes, Ltd. v. Internor Trade, Inc. (In re Vertientes)*, 845 F.2d 57, 59–60 (3d Cir. 1988). Rule 9006(b)(1) provides that, when

an act is required to be done within a specified period, the court may, for cause shown, in its discretion with or without motion or notice, order the time period enlarged if the request is made before the expiration of the period originally prescribed; or, on motion, *after* the expiration of the specified period, permit the act to be done where failure to act was the result of excusable neglect.

■ Here, the IRS did not request an extension of time for filing its proof of claim and subsequently filed both its original and amended proofs of claim after the August 18, 1989 bar date. As a result, the only justification for allowing its late claim would be that its failure to act was due to excusable neglect. *See* Bankr.R. 9006(b)(1).

Aside from its excusable neglect argument, IRS advances other contentions to support the allowance of its late filed proofs of claim, including: (1) inadequate service of the bar date order; (2) its oral communications with the debtor constituted an informal proof of claim; (3) equity favors permitting the filing of the IRS late claim; and (4) the original claim being permissible makes the amended claim similarly permissible. For the following reasons, each of these arguments lacks merit and, therefore, must be rejected.

*Service of Bar Date Order*

■ In those instances where no prior notice of the bar date has been given, enlargement of the time period may be constitutionally required. *In re Harbor Tank Storage Co.*, 385 F.2d 111, 114–15 (3d Cir. 1967). Had Dewey Beach relied upon the first bar date order which it failed to serve, the IRS's position would be supported by the *Harbor* holding. However, Dewey Beach obtained the second order setting August 18 as the deadline for filing proofs of claim and served it upon all creditors and other interested parties in accordance with Bankr.R. 2002. Insofar as IRS is concerned, the certificate of service reflects the notice being mailed to the following: Ms. Hannigan (Asst. U.S. Attorney), the U.S. Attorney, IRS Special Procedures (Philadelphia, PA), Chief Sp. Off. IRS (Wil-

mington, DE), and the District Director IRS (Wilmington, DE). Notice to the District Director fulfills the special requirement of Bankr.R. 2002(j). It is clear that the IRS had ample notice of the bar date, especially since three different IRS divisions received notice as well as the U.S. Attorney's Office. *Cf. In re Remington Rand Corp.*, 836 F.2d 825 (3d Cir.1988) (government entitled to request permission for filing late claim where debtor acknowledged its failure to serve government notice of the bar date for claims).

*Informal Proof of Claim Not Allowed*

■ IRS argues that because Dewey Beach had knowledge of the IRS's intention to recover its delinquent taxes, the communications between IRS and Dewey Beach concerning this matter constituted an informal proof of claim.

■ Dewey Beach's listing of the IRS as the holder of a disputed claim does not alter the requirement that a formal proof of claim must be filed. Quite the contrary, any claimant holding a disputed claim is required to file a timely proof of claim to preserve its rights. *Vertientes*, 845 F.2d at 60. *See also In re Pigott*, 684 F.2d 239, 244 (3d Cir.1982) (telephone call to trustee cannot be viewed as a timely oral filing which could later be amended). Therefore, the oral communications between counsel and Dewey Beach's listing of IRS as a creditor does not constitute a proof of claim "filed" in accordance with the writing requirements of Bankr.R. 3001(a).

*Equitable Consideration Not Available*

■ IRS contends that equity favors permitting the late filing of its proof of claim. It is well-established law in this Circuit that a bankruptcy court cannot weigh equitable considerations to allow untimely claims. *See Vertientes*, 845 F.2d at 60; *see also Pigott*, 684 F.2d at 244–45; *In re Supernit*, 186 F.2d 130, 132 (3d Cir.1950).

■ IRS's contention that no prejudice would result to the debtor's reorganization gets it nowhere. The *Vertientes* court stated flatly that there is "no discretion to

grant an extension simply because no prejudice would result, or for any other equitable reason." 845 F.2d at 60. *See In re Owens*, 67 B.R. 418, 423 (Bankr.E.D.Pa. 1987) (bankruptcy court had no discretion to extend the bar date to allow an IRS tax claim based on equity). Even if equitable considerations were available, the IRS's argument is unpersuasive. IRS attempts to sway the court with suggestions that Dewey Beach's accountant delayed responses to the IRS audit. It must be remembered that Mr. Prettyman's incarceration had to be an obstacle for his obtaining information needed to prepare an accurate accounting of Dewey Beach's records. Moreover, Dewey Beach's counsel attempted to ascertain early in the case (March) when the IRS would file its claim. The response was approximately three months. Upon these facts, no basis exists for equitable estoppel which would bar Dewey Beach from raising the issue of the untimely filing of IRS's claim because of its course of conduct. *See Vertientes*, 845 F.2d at 61 (holding that the debtor did not cause the creditors to believe that its proof of claim was properly filed).

In sum, the equitable powers of the court cannot be used to extend the deadline for filing proofs of claim and thereby override the plain language of Bankruptcy Rules 3003(c)(3) and 9006(b)(1).

*No Permissible Claim Existed Capable of Amendment*

IRS argues that because the original claim was permissible, the amended claim is likewise permissible. Obviously, both proofs of claim were filed after the bar date; and there being no basis for an informal proof of claim, it is difficult to comprehend how the untimely first filed claim could be deemed permissible. Again, the Court of Appeals spoke to this issue in the *Vertientes* case where it stated that "before a court may permit a party to file an amended proof of claim, there must be something filed in the bankruptcy court capable of being amended." 845 F.2d at 60 (*citing In re South Atlantic Fin. Corp.*, 767 F.2d 814, 819 (11th Cir.1985)). Both proofs of claim were filed after the August

18 deadline. As a result, both claims are void absent excusable neglect.

*Excusable Neglect Not Present*

■ Finally, the IRS contends that its untimely filing of a proof of claim was the result of excusable neglect. Excusable neglect requires the movant to show that "the failure to timely perform a duty was due to circumstances which were beyond the reasonable control of the person whose duty it was to perform." *Biscayne 21 Condominium Association, Inc. v. South Atlantic Fin. Corp. (In re South Atlantic Fin. Corp.)*, 767 F.2d 814, 817 (11th Cir. 1985) (*quoting In re Manning*, 4 B.C.D. 304, 305 (D.Conn.1978)). *Accord In re Stern*, 70 B.R. 472, 475 (Bankr E.D.Pa. 1987). The issue of excusable neglect was not addressed in the *Vertientes* case. The Court of Appeals did discuss this phrase within the appeals context in *Consolidated Freightways Corp. of Delaware v. Larson*, 827 F.2d 916 (3d Cir.1987). In this case, the Court enunciated a number of factors to determine whether excusable neglect existed within the framework of filing a notice of appeal under Fed.R.App.P. 4(a) which included: (1) whether the inadvertence reflects professional incompetence; (2) whether the inadvertence reflects an easily manufactured excuse which is not verifiable; (3) whether the tardiness results from counsel's failure to provide for a readily foreseeable consequence; (4) whether the inadvertence reflects a complete lack of diligence; or (5) whether the court is satisfied that the inadvertence resulted despite counsel's good faith efforts toward compliance. *Id.* at 919. In the bankruptcy setting, the holding in *Consolidated Freightways* is more applicable to excusable neglect as used in Bankr.R. 8002 than Bankr.R. 9006(b)(1), but these guidelines are still persuasive as to excusable neglect in the case at bar. Still, this Circuit has historically treated bankruptcy bar dates as deadlines which must be strictly construed and, therefore, not subject to extension because of "bureaucratic ineptitude" which may have been responsible for the late filing. *In re Pigott*, 684 F.2d 239, 244 (3d. Cir.1982). For a finding of excusable neglect, the moving party must show it failed

to act due to "unique and extraordinary" circumstances. *See Maryland Casualty Co. v. Conner,* 382 F.2d 13, 17 (10th Cir. 1967); *In re O.P.M. Leasing Services, Inc.,* 48 B.R. 824, 830 (S.D.N.Y.1985).

The IRS is a sophisticated creditor that had three separate offices (Special Procedures, Examination Section, and the District Director) who received notice of the bar date; in addition, notice was sent not only to the U.S. Attorney but also to the Assistant U.S. Attorney working on this case. Despite the intra-agency conflict over the amount of Dewey Beach's back taxes, the IRS Special Procedures Function and the Examination Section had become convinced that the corporate debtor owed a substantial tax liability by August of 1989. At the very least, an application for an extension or an initial proof of claim based on the preliminary audit data, capable of amendment, should have been filed sometime prior to the bar date.

The excuses presented by the IRS do not justify allowing it to file its late tax claim. Here, there are no unique and extraordinary circumstances beyond the control of the IRS which would constitute excusable neglect. To hold otherwise, would be an abuse of discretion and would permit any bureaucratic "mix-up" or snafu by the IRS or any other governmental entity to be twisted into excusable neglect. The policy promoting the orderly administration of bankruptcy cases mandates that an ultimate cut-off date be set for the filing of claims; absent such finality, it would be utterly impossible to conclude a case.

CONCLUSION

For the foregoing reasons, an order is attached sustaining Dewey Beach's Objection and disallowing the claim of the IRS.