**In re SHARON STEEL
CORPORATION,
Debtor.**

**ATLANTIC RICHFIELD
COMPANY, Movant,**

v.

**SHARON STEEL
CORPORATION, Respondent.**

**Bankruptcy No. 87–207E.
Motion No. 89–1373.**

United States Bankruptcy Court,
W.D. Pennsylvania.

Feb. 7, 1990.

Lawrence A. Demase, Pittsburgh, Pa.,
for respondent.

Lawrence E. Oscar, Cleveland, Ohio, for
movant.

George T. Snyder, Pittsburgh, Pa., for
Official Committee of Unsecured Creditors.

OPINION

WARREN W. BENTZ, Bankruptcy
Judge.

Sharon Steel Corporation ("Sharon")
filed its voluntary petition under Chapter
11 of the Bankruptcy Code on April 17,
1987. In accordance with Bankruptcy Rule

3003(c)(3), this court fixed October 3, 1988 (the "Bar Date") as the last day for filing proofs of claim. Atlantic Richfield Company ("ARCO") filed this Motion for Leave to File a Proof of Claim ("Motion") after the Bar Date.

On October 7, 1988, four days after the Bar Date, ARCO was served with an Amended Complaint adding ARCO as a defendant in a lawsuit ("EPA Lawsuit") brought by the United States Environmental Protection Agency against Sharon and others to compel the defendants therein to clean up hazardous waste material.

ARCO asserts that it had no claim for contribution and indemnity against Sharon until it received the Amended Complaint on October 7, 1988 adding it as a defendant to the EPA lawsuit and thus, ARCO could not have filed a timely proof of claim; that notice by publication of the Bar Date was meaningless to ARCO as it did not have a claim against Sharon at the time of publication; that it received no notice of the Bar Date; that unique and extraordinary circumstances beyond ARCO's control constitute "cause" and "excusable neglect" for failure to timely file a proof of claim.

Sharon asserts that ARCO had sufficient knowledge of its claim and of the Bar Date to enable ARCO to timely file a proof of claim; that no "cause" or "excusable neglect" exists to justify the allowance of a late filed claim; and that allowing ARCO to file a claim more than a year after ARCO became aware of the liability is prejudicial to Sharon.

### Issue

Should ARCO be granted leave to file a proof of claim notwithstanding the passing of the Bar Date?

### Discussion

Bankruptcy Rule 3003 states that, in a Chapter 11 case, "the court shall fix and for good cause shown, may extend the time within which proofs of claim or interest may be filed."

Pursuant to Rule 3003, this court entered an Order on July 21, 1988 ("Order") fixing the last day for filing proofs of claim against Sharon as October 3, 1988. The Order required Sharon to send notice of the Bar Date to all creditors whose address was known or could be ascertained. Sharon was also directed to publish notice of the Bar Date in the *New York Times, The Wall Street Journal,* the *Pittsburgh Press* and the *Sharon Herald* (the "Publications").

■ The parties agree that ARCO was not mailed notice of the Bar Date. Many ARCO employees receive subscriptions to the Publications in which notice of the Bar Date appeared. Sharon asserts that notice by publication constitutes adequate notice. We disagree.

At the time of publication of the notice, ARCO had not received the Amended Complaint naming it as a defendant and had no reason to think it was affected by such notice. Sharon apparently argues that ARCO should have speculated that it would be named as a defendant in the EPA Lawsuit and consequently, should have timely filed its proof of claim.

If ARCO knew or should have known of its potential liability, then Sharon also knew or should have known of its potential liability to ARCO. In that event, ARCO was a known creditor (either admitted, disputed, or contingent) to whom Sharon was required to serve written notice of the Bar Date by mail. Sharon made no attempt to provide ARCO written notification of the Bar Date. Notice to ARCO was inadequate.

Until ARCO was served with the Amended Complaint, it would be unrealistic to expect ARCO to have taken steps to ascertain whether Sharon was in bankruptcy, then to determine whether a bar date had been set, and then to determine whether to file a proof of claim. When Sharon learned that ARCO was being added as a defendant in the EPA Lawsuit, it failed to notify ARCO of its pending bankruptcy and of the Bar Date.

The courts have traditionally allowed a creditor to assert its claim in a bankruptcy proceeding notwithstanding its failure to file a timely proof of claim where the debt-

or was aware of the creditor's claim but did not provide reasonable notice of the bar date to such creditor. *See In re Harbor Tank Storage Co.*, 385 F.2d 111 (3d Cir. 1967), relying on *New York v. New York, New Haven & Hartford R.R. Co.*, 344 U.S. 293, 73 S.Ct. 299, 97 L.Ed. 333 (1953); *Reliable Electric Co., Inc. v. Olson Const. Co.*, 726 F.2d 620 (10th Cir.1984); *In re Intaco Puerto Rico, Inc.*, 494 F.2d 94 (1st Cir. 1974); *In re Moskowitz*, 35 B.R. 750 (S.D. N.Y.1983); *In re Pine Assoc., Inc.*, 35 B.R. 49 (Bankr.D.Conn.1983); *In re Slaw Const. Corp.*, 17 B.R. 744 (Bankr.E.D.Pa.1982).

Once ARCO was served with the Amended Complaint, it faced the problem of determining the nature of the claims asserted against it, and whether it had claims against others such as Sharon. We find that ARCO did not unreasonably delay in filing its Motion.

 The Bankruptcy Court has discretion to extend the time to file a proof of claim after the Bar Date where the failure to timely file was the result of excusable neglect. *Bankruptcy Rule 9006(b), In re Vertientes, Ltd.*, 845 F.2d 57 (3rd Cir.1988).

 "Excusable neglect" is not defined in the Bankruptcy Code or Rules; however, it is commonly defined as "... the failure to timely perform a duty due to circumstances beyond the reasonable control of the person whose duty it was to perform." *In re Manning*, 4 Bankr.Ct. Dec. (CRR) 304, 305 (Bankr.D.Conn.1978); *see e.g., In re Heyward*, 15 B.R. 629, 635 (Bankr.E.D.N.H.1981); *In re Evans Product Co.*, 85 B.R. 636 (Bankr.S.D.Fla.1988). While a bankruptcy court cannot allow the late filing of a proof of claim solely for equitable reasons, it may do so where there is excusable neglect. *In re Vertientes, Ltd.*, 845 F.2d 57, 60 (3rd Cir.1988). The factors to be considered in determining whether a party's failure to act was due to excusable neglect include (i) the adequacy of the notice provided, (ii) the source of the delay and the sophistication of the creditor, and (iii) the prejudice to the debtor should time be enlarged. *In re Heyward*, 15 B.R. at 636.

When no disclosure statement has been approved in a case, courts have been inclined to allow the late filing of the proof of claim by creditors who had no notice of the Bar Date. *See, In re Pine Assocs., Inc.*, 35 B.R. at 49; *In re International Coins & Currency, Inc.*, 22 B.R. 123 (Bankr.D.Vt.1982). During the pre-disclosure statement phase in the case, the filing of an additional claim will not delay the administration of the estate. *See, In re Pine Assocs., Inc.*, 35 B.R. at 49.

There will be no prejudice to Sharon if ARCO were to file its proof of claim at this time.

 We find that the circumstances presented herein constitute "cause" and "excusable neglect" for ARCO's failure to timely file a proof of claim. ARCO will be permitted to file its proof of claim out of time. We do not address the merits of ARCO's claim.

An appropriate order will be entered.