**In re WHEELING–PITTSBURGH STEEL CORPORATION, et al., Debtor.**

**WHEELING–PITTSBURGH STEEL CORPORATION, et al., Movant,**

**v.**

**HCC INVESTMENTS, INC., Respondent.**

**Motion No. 90–9343.**
**Bankruptcy No. 85–793PGH.**

United States Bankruptcy Court, W.D. Pennsylvania.

June 26, 1991.

George L. Cass, Pittsburgh, Pa., for debtor.

Michael McGreal, Pittsburgh, Pa., for Official Committee of Unsecured Creditors.

Jeffrey G. Brooks, Pittsburgh, Pa., for HCC Investments, Inc.

## OPINION

WARREN W. BENTZ, Bankruptcy Judge.

### Background

Wheeling–Pittsburgh Steel Corporation, Et Al, ("Debtor") filed its voluntary petition for relief under Chapter 11 on April 16, 1985. In accordance with Bankruptcy Rule 3003(c)(3), this Court fixed the last day for filing proofs of claim as August 26, 1986 (the "Bar Date"). On April 25, 1990, HCC Investments, Inc. ("HCC") filed a proof of claim (the "Claim") in an unliquidated amount to preserve indemnification and hold harmless benefits in connection with property leases (the "Leases") involving the Debtor. Thereafter, the Debtor filed the within Motion to Expunge the Claim on the basis that the Claim was late-filed. The Official Committee of Unsecured Creditors ("Creditors' Committee") is representing the interests of the Debtor in this Motion.

In March 1990, HCC received a copy of a draft complaint (the "Draft Complaint") asserting various claims against HCC in connection with the Leases. In the event the various claims alleged in the Draft Complaint are pursued, the Debtor is obligated under the Leases to indemnify HCC for any costs or expenses HCC incurs.

HCC asserts that it was not named on the Debtor's schedules nor was it served notice of the Bar Date. HCC further asserts that the Draft Complaint giving rise to the Claim arose after the Bar Date and thus its failure to file a claim prior to the Bar Date is the result of "excusable neglect." The Creditors' Committee asserts that HCC had sufficient knowledge of its claim and of the Debtor's bankruptcy prior to the Bar Date to enable HCC to timely file a proof of claim.

### Issue

Whether HCC's late-filed proof of claim should be expunged.

### Discussion

Bankruptcy Rule 3003 states that, in a Chapter 11 case, "the court shall fix and for good cause shown, may extend the time within which proofs of claim or interest may be filed." Pursuant to Rule 3003, this court entered an Order fixing the last day for filing proofs of claim against the Debtor as August 26, 1986. The Debtor sent notice of the Bar Date to all creditors whose address was known or could be ascertained. The parties agree that HCC was not mailed notice of the Bar Date.

HCC became aware of the Debtor's bankruptcy through accounts in the news media. HCC also received court papers and letters related to court approval of transfers of the Leases. The Debtor asserts that knowledge of the Debtor's bankruptcy obtained through these sources was sufficient to put HCC on notice of the necessity to file a proof of claim. We disagree.

At the time HCC became aware of the Debtor's bankruptcy through the news media, and at the time HCC received the court documents and letters relating to the Debtor's transfer of the Leases, HCC had not received the Draft Complaint naming it as a defendant. The Debtor argues that HCC knew the indemnification clause was in existence and consequently should have timely filed its proof of claim.

If HCC knew or should have known of its potential liability, then the Debtor also knew or should have known of its potential liability to HCC. In that event, HCC was a known creditor (either admitted, disputed, or contingent) to whom the Debtor was required to serve written notice of the Bar Date by mail. The Debtor made no attempt to provide HCC written notification of the Bar Date. Notice to HCC was inadequate.

Until HCC was served with the Draft Complaint, it had no reason to take steps to ascertain whether a bar date had been set, and then to determine whether to file a proof of claim.

The courts have traditionally allowed a creditor to assert its claim in a bankruptcy

proceeding notwithstanding its failure to file a timely proof of claim where the debtor was aware of the creditor's claim but did not provide reasonable notice of the bar date to such creditor. *In re Sharon Steel Corp.,* 110 B.R. 205 (Bankr.W.D.Pa.1990) (and cases cited therein).

Once HCC was served with the Draft Complaint, it faced the problem of determining the nature of the claims asserted against it and whether it had claims against others such as the Debtor. HCC did not unreasonably delay in filing the Claim.

The Bankruptcy Court has discretion to extend the time to file a proof of claim after the Bar Date where the failure to timely file was the result of excusable neglect. *Bankruptcy Rule 9006(b), In re Vertientes, Ltd.,* 845 F.2d 57 (3rd Cir.1988).

The factors to be considered in determining whether a party's failure to act was due to excusable neglect include (i) the adequacy of the notice provided, (ii) the source of the delay and the sophistication of the creditor, and (iii) the prejudice to the debtor should time be enlarged. *In re Sharon Steel Corp.,* 110 B.R. 205, 207 *citing In re Heyward,* 15 B.R. 629, 636 (Bankr.E.D.N.Y.1981).

Although the Debtor's plan of reorganization has been confirmed, a reserve has been established for disputed claims. Therefore, there is no prejudice to the Debtor in allowing HCC's claim to be filed late.

We find that HCC received no notice of the Bar Date; that the failure of the Debtor to notify HCC of the Bar Date was the source of the delay; and that no prejudice results from allowing the Claim to be filed.

We further find that the circumstances presented herein constitute "cause" and "excusable neglect" for HCC's failure to timely file a proof of claim.

We do not address the merits of the Claim and the Debtor may object to the Claim on the merits.

An appropriate Order will be entered.

## ORDER

This 26 day of June, 1991, in accordance with the accompanying Opinion, it shall be, and hereby is, ORDERED:

1. The Motion of Wheeling–Pittsburgh Steel Corporation, Et Al, to expunge the Proof of Claim filed by HCC Investments, Inc. on the grounds that the claim was filed after the bar date is REFUSED AND DISMISSED.

2. Wheeling–Pittsburgh Steel Corporation, Et Al, may object to the claim of HCC Investments, Inc. on the merits.

3. Counsel for the Debtor shall serve the within Order and accompanying Opinion on the current service list.