**Alfred Glen HAGAMAN,
Plaintiff/Appellee,**

v.

**STATE OF NEW JERSEY, DEPARTMENT OF ENVIRONMENTAL PROTECTION AND ENERGY, Defendant/Appellant.**

**Civ. No. 92–3215 (AET).**

United States District Court,
D. New Jersey.

Jan. 15, 1993.

---

Edward Devine, Deputy Atty. Gen., Trenton, NJ, Kevin Moynahan, Asst. Sp. Environmental Pros., Trenton, NJ, for defendant/appellant.

Daniel Eban Berger, Toms River, NJ, for plaintiff/appellee.

Alfred Glen Hagaman, pro se.

## MEMORANDUM AND ORDER

ANNE E. THOMPSON, District Judge.

This matter is before the Court on appeal from an order entered by United States Bankruptcy Judge William H. Gindin. Appellant New Jersey Department of Environmental Protection and Energy ("DEPE") asserts that Judge Gindin's order is unenforceable due to a misreading of Section 362(a) of the Bankruptcy Code ("Code"). Appellant states that the bankruptcy court's May 14, 1992 order has stayed its cleanup action because it grants Debtor–Appellee Alfred Glen Hagaman ("Hagaman"), the owner of several parcels of land which have been the subject of hazardous waste cleanup efforts, full possession of the land pursuant to an "automatic stay provision" of the Code.

This Court has jurisdiction pursuant to 28 U.S.C. §§ 158, 1334.

### Background

The underlying issue in this case involves the intersection of a debtor's right to use and possession of realty and personalty and the public interest in environmental cleanups. Debtor–Appellee operates a recycling business at 1185 River Avenue, Lakewood, NJ. The State of New Jersey, acting through the DEPE, alleges that Hagaman has maintained an illegal solid waste disposal facility at the site. (Appellant's Br. at 7.) The State then initiated a complaint against Mr. Hagaman in state court alleging that Hagaman's business created immediate environmental and health concerns.

In 1985 the Superior Court of New Jersey, Ocean County, Chancery Division, ordered the abatement of serious environmental, health, and zoning violations on the Hagaman property. The DEPE then instituted a separate action against Hagaman alleging, in part, that Hagaman operated an illegal solid waste disposal facility at the site. An order granting the DEPE posses-

sion and control of the site was first entered on April 25, 1990. A DEPE-managed publicly funded cleanup of the site was begun about that time. Appellant states that Hagaman made three unsuccessful applications with the Superior Court to halt the cleanup. (*Id.* at 10.)

The cleanup apparently proceeded in several phases, involving stabilization of the site and removal of hazardous and waste materials. On November 6, 1991 the DEPE requested an extension of the Superior Court's grant of possession and control over the site. An extension until September 1992 was granted. The DEPE alleges that in response to Hagaman's efforts to halt the cleanup it applied to the Superior Court for assurances that the cleanup would proceed. In an order dated March 23, 1992, the Superior Court granted Appellant the assurances it sought. (*See id.*, Ex. C.) The DEPE further alleges that it was in the process of completing the second phase of its cleanup when the bankruptcy court stayed its action.

Meanwhile, on March 2, 1992 Hagaman filed a voluntary petition for bankruptcy under Chapter 13. On May 14, 1992 Hagaman applied for, and received, an order from the bankruptcy court granting an automatic stay under 11 U.S.C. § 362(a). (*See id.*, Ex. B.) Judge Gindin ordered that the debtor was entitled to possession of the property "so long as he does not, in any way, interfere with the clean-up proceedings" and enjoined DEPE from removing any property "other than that constituting an imminent hazard ..." The DEPE then requested a stay of the "automatic stay" and reconsideration of the May 14, 1992 order. This motion was denied by Judge Gindin in an order dated June 29, 1992.

Appellant then brought this appeal in a timely fashion.[1]

### Discussion

On appeal, this Court "may set aside the bankruptcy court's factual findings only if the findings are clearly erroneous. The bankruptcy court's legal conclusions, however, are subject to the district court's plenary review." *J.P. Fyfe, Inc. of Florida v. Bradco Supply Corp.*, 891 F.2d 66, 69 (3d Cir.1989) (citations omitted). When reviewing a decision which falls within the bankruptcy court's discretionary authority, the district court may only determine whether or not the lower court abused its discretion. *See, e.g., In re Vertientes, Ltd.*, 845 F.2d 57, 59 (3d Cir.1988) (leave to file late proof of claim); *In re Rosinski*, 759 F.2d 539, 540–41 (6th Cir. 1985) (whether to reopen a bankruptcy case); *Matter of Chung King, Inc.*, 753 F.2d 547, 549 (7th Cir.1985) (whether to confirm a sale); *In re Nucorp Energy, Inc.*, 764 F.2d 655, 657 (9th Cir.1985) (whether to award attorneys' fees).

It is clear that Hagaman is not entitled to absolute possession of his land to the extent that such possession impedes the State's lawful exercise of its regulatory powers. In *Penn Terra Ltd. v. Dep't of Envtl. Resources*, 733 F.2d 267 (3d Cir. 1984), the Third Circuit interpreted sections 362(b)(4) and (5) of the Bankruptcy Code,[2] and addressed whether efforts by the state to force remedial action (i.e., compliance with state pollution laws) were exempt from the stay provisions. *Id.* at 272. By finding in favor of the state, the Court recognized that requiring a debtor "to rectify harmful environmental hazards" entails the lawful exercise of state regulatory powers. *Id.* at 274; *see also Cournoyer v. Town of Lincoln*, 790 F.2d 971, 976 (1st

---

**1.** Oral argument on this motion was heard on September 21, 1992. At that time, the parties represented to the Court that a stipulation of settlement would be reached and an order submitted by October 2, 1992. Although the State subsequently submitted an order executed on its part, Debtor–Appellee has yet to sign the order. Numerous extensions were granted to Debtor–Appellee. The Court now deems it necessary to render this opinion.

**2.** Section 362(b)(4) provides that no bankruptcy stay applies to the "commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power." 11 U.S.C.A. § 362(b)(4) (West 1979). Section 362(b)(5) provides that the stay applies to money judgments even if in furtherance of the state's regulatory power. *See id.* § 362(b)(5).

Cir.1986) (finding that town's effort to enforce its zoning laws against a bankrupt salvage business was exempt from stay).

Additionally, we note that this is not a case in which the State is seeking to impose a cleanup duty or recover a monetary obligation from a debtor. *See, e.g., Ohio v. Kovacs,* 469 U.S. 274, 105 S.Ct. 705, 83 L.Ed.2d 649 (1985). Appellant contends that Judge Gindin's stay has impeded the DEPE's cleanup of the Hagaman site. It alleges that it was in the process of completing Phase II of the cleanup and accepting bids for Phase III when the bankruptcy court's order halted completion of the cleanup. Thus, to the extent that Appellant is enforcing the state's police power, it is clear that Appellant's "claims" are not dischargeable in bankruptcy.

■ The issue to be considered here is whether the bankruptcy court properly exercised its power by limiting the State's cleanup to "imminent hazards." In so doing, the bankruptcy court apparently relied on *Midlantic Nat'l Bank v. New Jersey Dep't of Envtl. Protection,* 474 U.S. 494, 106 S.Ct. 755, 88 L.Ed.2d 859 (1986). *See In re: Alfred Glen Hagaman,* No. 92–31381 (D.N.J. filed June 29, 1992) (Transcript of Oral Proceedings).

We disagree with the view expressed by the bankruptcy court that the State's police power is limited to "imminent hazards." No such limitation exists in sections 362(b)(4) and (5), either explicitly or implicitly. Furthermore, we do not find that *Midlantic* declares such a limitation. Rather, we agree with the judgment of the Fifth Circuit, expressed in *Matter of Commonwealth Oil Refining Co.,* 805 F.2d 1175 (5th Cir.1986), *cert. denied,* 483 U.S. 1005, 107 S.Ct. 3228, 97 L.Ed.2d 734 (1987):

> In concluding that *Midlantic* does not support ... [the] argument that the §§ 362(b)(4) and 362(b)(5) exceptions to the automatic stay cannot be invoked absent imminent and identifiable harm, we note several things. First, the question before the court in *Midlantic* was the scope of the abandonment power ... Second, ... it must be recognized that the abandonment power of § 554 is un-

qualified on its face. By contrast, the automatic stay was expressly qualified by Congress ... [and] [n]owhere did the Supreme Court suggest that the exception in 11 U.S.C. § 362(b)(4) applies only if there is imminent and identifiable harm to the public health or safety.

*Id.* at 1185–86 (footnote omitted); *see also U.S. v. Nicolet,* 857 F.2d 202, 208–09 (3d Cir.1988) (citing *Commonwealth Oil*). Thus, we conclude that the cleanup mandated by the March 23, 1992 decision of the Superior Court of New Jersey is not limited to "imminent hazards."

By this opinion, we intend that the State complete its cleanup of the Hagaman site by removing identifiable hazardous solid and liquid waste materials. We also affirm the judgment of the bankruptcy court with respect to its application of a stay prohibiting the State from removing any non-waste personal or business assets on the site.

### Conclusion

For all these reasons,

It is therefore on this 15 day of January 1993,

ORDERED that the Department of Environmental Protection and Energy's appeal of the Bankruptcy Court's order be and hereby is granted; and it is further,

ORDERED that the Bankruptcy Court's ruling that the State's cleanup be limited to "imminent hazards" is reversed but that the remainder of that court's order, entitling Hagaman to "possession of his personalty, chattels, and real property," is affirmed.