In re CONTINENTAL AIRLINES, INC., et al.

LUCAS AEROSPACE, INC.

v.

CONTINENTAL AIRLINES, INC., et al.

Bankruptcy Nos. 90–932 to 90–984. Adv. No. 92–134.

United States Bankruptcy Court, D. Delaware.

Aug. 9, 1994.

Neilli M. Walsh, Young, Conaway, Stargatt & Taylor, Wilmington, DE, for Continental Airlines, Inc.

Deborah A. Reperowitz, Friedman Siegelbaum, Roseland, NJ., Francis J. Trzuskowski, Trzuskowski, Kipp, Kelleher & Pearce, P.A., Wilmington, DE, for plaintiff.

Marla Becker, Latham & Watkins, New York City, for Post Effective Date Committee.

HELEN S. BALICK, Chief Judge.

This is the court's decision on whether Lucas Aerospace (Lucas) is entitled to an enlargement of time pursuant to Fed. R.Bankr.P. 9006(b)(1). This adversary proceeding was precipitated by the refusal of Continental Airlines, Inc. (Debtors) to consider a reclamation claim made by Lucas under 11 U.S.C. § 546(c) and U.C.C. § 2-207.

In an order dated October 24, 1991, this court approved of uniform procedures regarding the allowance of reclamation claims. The order required any vendor who asserted a reclamation claim to provide certain information and documentation (collectively, Back–Up) to Debtors within a specified period of time before claims could be allowed. Lucas failed to provide the Back–Up in a timely manner and therefore its claim was not among those allowed. The parties to this adversary proceeding have submitted a joint stipulation of facts and have each briefed the issue of whether Lucas' neglect in not providing the Back–Up by the specified date is excusable, permitting for an enlargement of time.

*Standard for Enlargement*

The Bankruptcy Rules provide that

[W]hen an act is required ... to be done at or within a specified period ... by order of court, the court for cause shown may at any time in its discretion ... on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

Fed.R.Bankr.P. 9006(b)(1). The United States Supreme Court recently addressed what constitutes "excusable neglect" under Rule 9006(b)(1). *See Pioneer Investment Servs. Co. v. Brunswick Assocs. Ltd. Partnership,* —— U.S. ——, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993).

In *Pioneer,* the Court ascribed to the word "neglect" its ordinary meaning: "simple, faultless omissions to act," as well as "omissions caused by carelessness." *Id.* at ——, 113 S.Ct. at 1494. The determination of whether the neglect of a party or their counsel is "excusable" was characterized by the Court as an equitable one. When making such a determination, a court must take into account all relevant circumstances. *Id.* at ——, 113 S.Ct. at 1498. The Court stated that among the relevant circumstances to be considered are "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.*

*Discussion*

The stipulation of facts submitted by the parties makes it apparent that Lucas' failure to provide the Back–Up in a timely manner was caused by neglect. Therefore, the only question remaining is whether that neglect is excusable. The burden of proving that its neglect is excusable is on Lucas. *See In re Dewey Beach Enters., Inc.,* 110 B.R. 681, 685 (Bankr.D.Del.1990). Lucas has failed to meet its burden.

Lucas argues that consideration of the factors set forth in *Pioneer* weigh in its favor. It asserts that the Debtors would not be prejudiced if the court found that its neglect was excusable because "[the Debtors'] ability to reorganize and judicial proceedings will be unaffected thereby." Memorandum of Points and Authorities Submitted by Lucas at 2. This contention has not been stipulated to by Debtors. Lucas' position does not take into account, however, that allowing the

Back–Up to be considered now could serve to encourage challenges by other reclamation claimants whose claims were not allowed for the same reason. Debtors contend that numerous reclamation claims of extraordinary value were denied based upon the claimants' failure to timely submit the Back–Up. Such consideration at this late date would expose Debtors to an unnecessary danger of prejudice.

The nature of Lucas' claim is also important in determining whether there is a danger of prejudice to the Debtors. In *Pioneer*, the claims at issue consisted primarily of unsecured claims, allowance of which would have had a minimal impact on the success of the plan. *Pioneer*, —— U.S. at ——, 113 S.Ct. at 1492. Here, in sharp contrast to *Pioneer*, a reclamation claim is involved. Reclamation claims are granted priority status if allowed since they are considered administrative claims. 11 U.S.C. § 546(c)(2). Because of the type of claim involved, the danger of prejudice to the Debtors is potentially far greater than was the case in *Pioneer*.

Although Debtors do not question whether Lucas acted in good faith, the Debtors claim that the cause of delay was within the reasonable control of Lucas. The court agrees. The facts do not suggest a situation where forces beyond Lucas' control were involved, such as an act of God or unforeseeable human intervention. The primary reason Lucas postulates for not producing the Back–Up was that its accounting and contracts departments each thought that the other had forwarded the Back–Up. Stipulation of Facts at 4. Both departments are controlled by Lucas and were clearly within its reasonable control.

Lucas acknowledges receiving a copy of the order setting forth a uniform procedure for consideration and resolution of the reclamation claims. Although Lucas now claims that the order was unclear, it has not pointed to any attempt to try to clarify the order. Further, this claim is contradicted by Lucas' own admission that both its accounting and contracts departments thought that the Back–Up was being forwarded by the other; indicating an understanding of what was nec-

essary for compliance with the Order. A combination of personal reasons and the dissolution of counsel's law firm may have been partially responsible for Lucas' apparent failure to seek clarification of the Order. In *Pioneer*, the Supreme Court gave little weight to the fact that counsel was experiencing upheaval in his law practice. *Pioneer*, at ——, 113 S.Ct. at 1499. Here, the court also gives little weight to the upheaval in the law practice of Lucas' counsel.

Therefore, in consideration of all relevant circumstances, the court finds that Lucas' neglect is not excusable. Lucas' request for enlargement of time to file Back–Up in support of their reclamation claim is DENIED. This ruling precludes Lucas' adversary proceeding from going forward.

IT IS SO ORDERED.